IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| **TAMARA GREEN, et al.** | : |
| | : |
| Plaintiffs, | : Case No. 3:14-cv-30211-MGM |
| | : |
| v. | : |
| | : |
| **WILLIAM H. COSBY, JR.** | : |
| | : |
| Defendant. | : |

**PLAINTIFFS'MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE SUBPOENA UPON THIRD PARTY, REQUESTING DOCUMENTS REGARDING PLAINTIFFS**

COME NOW the Plaintiffs, by and through counsel, and hereby submit the following Memorandum in Support of their Motion for leave to serve a subpoena upon Dolores M. Troiani, Esquire, to obtain **only documents concerning or relating to the three Plaintiffs in this case**, which were generated in prior litigation against Defendant Cosby (hereinafter "the documents at issue"). (Plaintiffs do not request documents pertaining to other alleged victims of Defendant Cosby.)

Under Federal Rule of Civil Procedure ("Rule") 26(d), a party may not conduct discovery before the conference prescribed by Rule 26(f), except by Court order or stipulation of the parties. As Plaintiffs explain herein, the Court should grant leave to obtain the documents at issue, in order to fully and accurately litigate the merits of the Motions to Dismiss for Failure to State a Claim (hereinafter "Motion to Dismiss"). The function of discovery is to unearth the truth, so that the decision-maker (whether judge or jury) may make the most informed decisions possible (in this instance, the disposition of the Motion to Dismiss). Yet Defendant Cosby has impeded discovery by refusing to hold a discovery conference, although Rule 26(f) requires the

parties to hold a conference promptly. Defendant Cosby also has refused to permit Ms. Troiani to release the documents at issue in her possession to undersigned counsel, although undersigned counsel has offered to keep the documents confidential, for use only in this litigation. Defendant Cosby's decision to impede discovery, and his refusal to disclose the documents at issue, even for use **exclusively** in this litigation, raises the strong inference that the documents at issue are pertinent and damaging to the Motion to Dismiss, and that the documents would be valuable to the Court when it reviews the Motion to Dismiss.[1] Defendant Cosby's conduct also raises the inference that the documents at issue contain pertinent information that Plaintiffs would use to amend their pleading, if necessary.

Plaintiffs explain further, as follows:

## BACKGROUND

**A. In his Motion to Dismiss, Defendant Cosby attempts to solicit the Court's sympathy by professing that he did not commit sexual misconduct against Plaintiffs.**

The premise of this case is that Defendant Cosby lied and defamed Plaintiffs, by denying their truthful accusations and branding the women liars. When each of the three Plaintiffs came forward in 2014 to publically disclose that Defendant Cosby sexually assaulted them, Defendant Cosby directed his spokespersons to issue four different statements ("the statements at issue") that defamed the Plaintiffs by branding them liars. Plaintiffs have alleged the above by filing their Amended Complaint. (Pending is a Motion to file a Second Amended Complaint, which makes substantially the same allegations.)

Defendant Cosby repeatedly professes that he did not commit the underlying sexual

---

[1] Plaintiffs are also willing to have the Court conduct an *in camera* review of the documents, as explained, *infra*.

misconduct, in an effort to influence the Court's view of the sufficiency of Plaintiffs' pleading. In particular, Defendant Cosby professes that he committed no sexual misconduct, to convince the Court that the statements at issue are merely his expressions of opinion, rather than his false denial of facts that he knows to be true.  Memo. at 17-22.  Similarly, Defendant Cosby professes that he committed no sexual misconduct, to support his contention that he acted merely in his own privileged "self-defense."  Memo. at 22-23.   Indeed, Defendant Cosby himself considers his own blamelessness so important to the Court's decision on the Motion to Dismiss that **he brings this fact to the Court's attention before any discussion of the merits of Plaintiffs' defamation claims**, in the Memo. at 1.  Similarly, Defendant Cosby asserts that he cannot be vicariously at fault, because his spokespersons were ignorant of Defendant Cosby's transgressions, and therefore not personally liable for defamation.  Memo. at 30-32.

To be clear, as Plaintiffs have argued in their Opposition to Defendant Cosby's Motion to Dismiss, Defendant Cosby's claim not to have committed sexual misconduct, is immaterial to the sufficiency of the Amended Complaint.  Nevertheless, by professing that he did not commit sexual misconduct, in an attempt to solicit the Court's sympathy and convince the Court that he is the true victim, Defendant Cosby has "opened the door": Plaintiffs should be allowed to test Defendant Cosby's assertion, and the Court should consider the veracity of statements that Defendant Cosby has made to this Court, in his Motion to Dismiss.

- B. **There are reasonable grounds to believe that Ms. Troiani is in possession of documents from a different lawsuit that undermine the assertions in Defendant Cosby's Motion to Dismiss.**

On March 8, 2005, Andrea Constand filed suit against Defendant Cosby, in the United States District Court for the Eastern District of Pennsylvania.  Ms. Constand alleged that

Defendant Cosby drugged and sexually assaulted her in 2004, and later **defamed her as an extortionist** after she reported the incident to the police. *See Exhibit B*, *Constand v. Cosby* Complaint. Ms. Constand also filed a separate action – ultimately consolidated – against, *inter alia*, Martin Singer, **charging Mr. Singer with defamation**, on similar grounds to the charge against Defendant Cosby. *See Exhibit C*, *Constand v. Singer* Complaint.

In the course of the *Constand* litigation, the parties conducted discovery regarding allegations of Defendant Cosby's sexual misconduct against women **other** than Ms. Constand (approximately thirteen women), admissible under Federal Rule of Evidence 415 (which generally allows evidence of propensity in regard to sexual misconduct). *See Constand v. Cosby*, 229 FRD 472, 473-74 (E.D. Pa. 2005) and 232 FRD 494, 497 (E.D. Pa. 2006). Also in that action, Defendant Cosby gave written responses to Ms. Constand's discovery requests, and he gave deposition testimony. *See Constand v. Cosby*, 232 FRD 486, 487 (E.D. Pa. 2006). The *Constand* litigation eventually settled.

As noted *supra*, on February 27, 2015, Defendant Cosby filed his Motion to Dismiss the instant action, expressly professing that he did not commit sexual misconduct against the Plaintiffs. Undersigned counsel investigated Defendant Cosby's prior statements regarding the instant Plaintiffs' accusations against him.

On March 2, 2015, undersigned counsel wrote a letter to one of the attorneys who had represented Ms. Constand, Dolores M. Troiani, Esquire. *See Exhibit D*, March 2, 2015 letter from Joseph Cammarata, Esquire. In the letter, undersigned counsel requested that Ms. Troiani provide any documents generated in the *Constand* litigation regarding Plaintiffs Green, Traitz, and Serignese.

On March 3, 2015, Ms. Troiani responded by an e-mail to John P. Schmitt, counsel for Defendant Cosby (which she copied to undersigned counsel). *See Exhibit E*, March 3, 2015 e-mail from Dolores M. Troiani, Esquire. Ms. Troiani offered no resistance to disclosing the documents at issue, but noted that she was not at liberty to do so, because of a confidentiality agreement that her client and Defendant Cosby entered into in the course of settling their litigation.

On March 5, 2015, Ms. Troiani followed up with another e-mail, to both Mr. Schmitt and undersigned counsel. *See Exhibit F*, March 5, 2015 e-mail from Dolores M. Troiani, Esquire. This time, Mr. Troiani proposed **submitting the documents at issue to a federal court under seal**,[2] so that the court might determine what should be released to Plaintiffs.

On or about March 5, 2015, counsel for Defendant Cosby advised Ms. Troiani that counsel objected to the release of the documents at issue even under seal, pursuant to the Constand-Cosby confidentiality agreement. *See Exhibit G*, March 5, 2015 e-mail from Robert P. LoBue, Esquire (redacted to exclude irrelevant matter).

On March 12, 2015, undersigned counsel spoke with defense counsel by telephone and asked that Defendant Cosby permit Ms. Troiani to release the documents at issue, with the agreement that undersigned counsel would keep the documents confidential, and would file the documents under seal should undersigned counsel use the documents in the instant litigation. Even with those significant proposed limitations, defense counsel still refused the offer.

On a date after March 12, 2015, undersigned counsel spoke with defense counsel and

---

[2] Mr. Troiani did not specify whether she was referring to this Court or the U.S. District Court for the Eastern District of Pennsylvania.

asked to conduct a Rule 26(f) discovery conference, which defense counsel refused.

## ARGUMENT

### THERE IS GOOD CAUSE TO ALLOW PLAINTIFFS TO SERVE A SUBPOENA UPON MS. TROIANI.

Plaintiffs seek to serve a subpoena (*see Exhibit A*) upon Ms. Troiani, requesting the documents at issue. Such a subpoena is necessary and sufficient to permit Ms. Troiani to produce the documents, notwithstanding the Constand-Cosby confidentiality agreement. *See Gotham Holdings, LP v. Health Grades*, Inc., 580 F.3d 664, 665 (7th Cir. 2009) (confidentiality agreement between two parties cannot bar discovery by third party). However, under Federal Rule of Civil Procedure ("Rule") 26(d)(1), Plaintiffs cannot freely serve the proposed subpoena until they hold a discovery conference with Defendant Cosby, pursuant to Rule 26(f).

According to subsection (f)(1), "the parties **must confer as soon as practicable** – and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)" (emphasis added). Notwithstanding this commandment, defense counsel has **refused** undersigned counsel's entreaty to hold the discovery conference. The pendency of Defendant Cosby's Motion to Dismiss does not justify his refusal, for the mere act of filing a motion to dismiss does not automatically stay discovery (with or without a request for a stay). *See*, *e.g.*, *Digital Equipment Corp. v. Currie Enters.*, 1992 U.S. Dist. LEXIS 17718, *2 (D. Mass. 1992); *Escareno v. Lundbeck, LLC*, 2014 U.S. Dist. LEXIS 66824 (N.D. Tex. 2015) (granting motion to compel defendant to engage in Rule 26(f) discovery conference); *Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union*, 2014 U.S. Dist. LEXIS 124394, *3-4 (E.D. N.Y.

2014); *Weeks v. Leeward Islands Apothecaries, LLC*, 2010 U.S. Dist. LEXIS 52637, *1-2 (D. V.I. 2010); *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997).

Unfortunately, Defendant Cosby's intransigence is hampering Plaintiffs' ability to conduct basic discovery, including discovery that is pertinent to the pending Motion to Dismiss. Defendant Cosby is impeding Plaintiffs from even conducting the minimal discovery requested herein, as Defendant will not stipulate to the issuance of the proposed subpoena to Ms. Troiani, even if the documents are kept confidential from the public. Plaintiffs are willing to compromise even further than they have already offered, and have the Court review *in camera* the documents at issue, before the Plaintiffs themselves review the documents, **just to ensure that the Court sees the documents.**

Defendant Cosby is objecting, without compromise, to even strictly controlled discovery of the documents at issue – discovery that would **only** allow the documents to be used in the instant litigation. **This raises the strong inference that the documents would be damaging to his Motion to Dismiss**, because the documents would directly contradict assertions in his Motion, or because the documents would provide a basis for Plaintiffs to add new allegations to their pleading that would defeat the Motion, or both.

The documents at issue may include discovery responses and/or deposition testimony by Defendant Cosby admitting to sexual misconduct against one or more of the Plaintiffs, contrary to Defendant's representation to this Court in his Motion to Dismiss. If that is so, then Defendant Cosby's sworn statements from the prior litigation contradict his assertions in the Motion to Dismiss that the defamatory statements at issue were merely his good faith expressions of opinion regarding the Plaintiffs' accusations; and that Defendant Cosby was

merely engaging in privileged "self-defense."

Additionally, Defendant Cosby's sworn statements may contradict his assertion that it is implausible that his spokespersons knew or should have known of the falsity of the statements at issue: Mr. Singer personally issued two of the four statements at issue in the instant lawsuit, the November 20 and November 21 statements. According to the *Constand* Complaint (*Exhibit C*), ¶¶ 17, 23, 28, Mr. Singer initially acted as Defendant Cosby's spokesperson against Ms. Constand's allegations; and then Mr. Singer became embroiled in the lawsuit itself as a **co-defendant**. Thus, if Defendant Cosby made any self-incriminating statements in the *Constand* litigation regarding the Plaintiffs in this action, Mr. Singer likely knew about such admissions when Mr. Singer (at Defendant Cosby's direction) made the November 20 and November 21 statements defaming Plaintiffs Traitz and Serignese. Accordingly, the documents at issue may supplement Plaintiffs' allegations in this case against Mr. Singer (and, by extension, Defendant Cosby).[3]

Notwithstanding that Defendant Cosby refuses to hold a discovery conference, there is an avenue for Plaintiffs to obtain relief: Under Rule 26(d), the Court may permit Plaintiffs to conduct discovery before the Rule 26(f) discovery conference, for good cause shown. *See McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006). As explained herein, Plaintiffs meet this standard.

"[T]he Federal Rules of Civil Procedure are to be construed liberally in favor of

---

[3] Plaintiffs further note that the law firm of Patterson Belknap Webb & Tyler LLP, which is representing Defendant Cosby in the instant matter, also represented Defendant Cosby in the *Constand* litigation. The firm, which is resisting the disclosure of the documents at issue (through attorney Robert P. LoBue) presumably knows the content of the documents at issue, from its involvement in the prior litigation.

discovery." *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). "Discovery is founded upon the policy that trial should not be treated as a sporting event, but as a search for truth." *Comercio E Industria Continental, S.A. v. Dresser Industries, Inc.*, 19 F.R.D. 513, 514 (S.D. N.Y. 1956). Indeed, "the court's ultimate goal . . . is finding the truth," which trumps even a lawyer's duty to zealously advocate for his client. *Polansky v. CNA Ins. Co.*, 852 F.2d 626, 633 (1st Cir. 1988) (vacating judgment premised upon misrepresentations by trial counsel). It is with these principles in mind that Plaintiffs urge the Court to permit them to conduct minimal discovery, limited in scope, with no burden upon Defendant Cosby, in spite of Defendant Cosby's refusal to hold a discovery conference. Plaintiffs merely wish to put the documents at issue before the Court, so that the Court may make the most informed decision possible when deciding the Motion to Dismiss. The proposed subpoena may be of enormous benefit to Plaintiffs and of critical importance to a just decision in this case, because Defendant Cosby's Motion to Dismiss seeks to end this litigation permanently. If the Court were to terminate the case without first viewing the documents at issue, this would potentially be a miscarriage of justice, particularly because **the only reason that Plaintiffs even need to request leave to serve the subpoena is that Defendant Cosby is improperly refusing to engage in a discovery conference**. Defendant Cosby should not be permitted to unilaterally halt the discovery process before it has begun, particularly where discovery may immediately unearth evidence damaging to his own Motion to Dismiss.

      This Court generally applies a "reasonableness" standard when determining the existence of good cause to conduct discovery before the Rule 26(f) discovery conference. *See Laughlin v. Orthoflix Int'l*, 293 F.R.D. 40, 41-42 (D. Mass. 2013). In determining reasonableness, the Court

considers (1) the purpose of the discovery, (2) the ability of the discovery to preclude demonstrated irreparable harm, (3) the plaintiff's likelihood of success on the merits, (4) the burden of discovery on the defendant, and (5) the degree of prematurity. *See McMann*, 460 F. Supp. 2d at 265.

  The purpose of the discovery is compelling in this case. Plaintiffs seek to issue a discovery request upon a third party that is limited in scope. Plaintiffs seek only documents relating to their **own** accusations of sexual misconduct against Defendant Cosby; thus Plaintiffs have a compelling personal interest in the documents. Furthermore, the documents may refute Defendant Cosby's claim not to have committed sexual misconduct as stated in his Motion to Dismiss, and/or may serve as a basis to supplement Plaintiffs' pleading. Plaintiffs' interest in potentially supplementing their pleading with documents they do not have access to without discovery, is a compelling one; hence, in *Quintero Family Trust v. Onewest Bank*, 2009 U.S. Dist. LEXIS 96376, *4-5 (S.D. Cal. 2009), the court allowed the plaintiffs, who alleged predatory lending, to serve early requests for production of documents upon the defendant, in order to obtain mortgage loan files needed to supplement the plaintiffs' allegations of fraud. To the same effect, see *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 266-67 (N.D. Cal. 2002), permitting the plaintiff to make an early request for documents from the defendants, in order to expeditiously discover any new causes of action that would necessitate amending the pleadings. This Court has the "power to direct partial discovery limited to certain issues pending resolution of dispositive motions." *Bethpage Water Dist.v. Northrop Grumman Corp.*, 2014 U.S. Dist. LEXIS 16848, *4-5 (E.D.N.Y. 2014) (granting defendant's motion to stay discovery except as to the statute of limitations, where a motion to dismiss was pending

on the ground of the statute of limitations).

Furthermore, given the pendency of Defendant Cosby's Motion to Dismiss, the documents at issue may prevent irreparable harm to Plaintiffs, *i.e.*, the dismissal of their lawsuit. *Quintero* is again pertinent, as in that case the court granted expedited discovery to the plaintiffs when a motion to dismiss was pending. Also on-point is *McMann*, 460 F. Supp. 2d at 265-66, where this Court noted that if there were tortious conduct in that case, the Court would have permitted early subpoenas upon several internet corporations so that the plaintiff could discover the identity of the "John Doe" responsible for defamation among other torts. The *McMann* Court noted that, without the requested discovery, **the suit could not proceed.** That is a risk in this case as well, if the Court does not permit the requested discovery (although Plaintiffs contend that the Court should deny the Motion to Dismiss even if the Court denies the instant Motion).

As to Plaintiffs' likelihood of success on the merits, Plaintiffs refer the Court to their Opposition to the Motion to Dismiss, Dkt. No. 32. Furthermore, Plaintiffs note that if there is any defect in their pleading currently, **the documents at issue would likely serve as a basis to supplement Plaintiffs' pleading as needed to maintain the action.**

Regarding the fourth factor, **the subpoena would not burden Defendant Cosby at all**, because the subpoena is directed to a third party, Ms. Troiani. Moreover, Ms. Troiani herself has indicated that she is willing to disclose the documents at issue, but for the Constand-Cosby confidentiality agreement (which a subpoena would override).

Finally, Plaintiffs are not seeking to serve a subpoena unduly early. A subpoena has become apparently necessary by Defendant Cosby's own actions, *i.e.*, his **refusal to hold the**

11

**discovery conference** that would authorize the subpoena at issue, and his claim not to have committed sexual misconduct, in the Motion to Dismiss. Plaintiffs are compelled to seek the documents at issue now, before the Court decides the Motion to Dismiss, so that Plaintiffs may further rebut the Motion to Dismiss and/or amend their pleading. (If necessary, Plaintiffs request that the Court delay ruling on the Motion to Dismiss, so that Plaintiffs have the opportunity to obtain the documents at issue.) *See Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 259 n.23 (D. Me. 2008) (indicating agreement with plaintiffs that expedited discovery was not unduly premature where necessary to identify defendants and thus enable lawsuit to proceed).

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to serve upon Ms. Troiani, the subpoena attached hereto as *Exhibit A*.

Respectfully submitted,

*/s/ Joseph Cammarata*
Joseph Cammarata, Esquire
**CHAIKIN, SHERMAN, CAMMARATA &
 SIEGEL, P.C.**

*/s/ Matthew W. Tievsky*
Matthew W. Tievsky, Esquire
**CHAIKIN, SHERMAN, CAMMARATA &
 SIEGEL, P.C.**
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Ofc: (202) 659-8600
Fax: (202) 659-8680
E-mail: Joe@dc-law.net
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this <u>7th</u> day of April, 2015, a copy of the foregoing Memorandum in Support of Plaintiffs' Motion for Leave to Serve Subpoena Upon Third Party, Requesting Documents Regarding Plaintiffs' Accusations, was served by Case Management / Electronic Case Files upon:

    Francis D. Dibble, Jr.
    Jeffrey E. Poindexter
    Bulkley Richardson & Gelinas
    1500 Main Street
    Suite 2700
    P.O. Box 15507
    Springfield, MA 01115

    Robert P. LoBue
    Patterson Belknap Webb & Tyler, LLP
    1133 Avenue of the Americas
    New York, NY 10036

    */s/ Joseph Cammarata*
    Joseph Cammarata, Esquire