UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMARA GREEN, THERESE SERIGNESE, \*
LINDA TRAITZ                       \*
                                   \*
       Plaintiffs,                 \*
                                   \*     Civil Action No. 14-30211-MGM
                                   \*
       v.                          \*
                                   \*
                                   \*
WILLIAM H. COSBY, JR.              \*
                                   \*
       Defendants.                 \*


MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT THE COMPLAINT
(Dkt. No. 18)

April 16, 2015


MASTROIANNI, U.S.D.J.

Facts pertinent to this ruling are briefly summarized as follows: Tamara Green ("Green"), the original plaintiff in this case, filed a complaint on December 10, 2014. (Dkt. No. 1, Complaint ("Compl.").) In it, she alleged William H. Cosby, Jr. ("Defendant") publicly defamed her through the actions of individuals operating within the scope of Defendant's employment in 2005. Green alleged further or continuing defamation occurred in 2014 when the Washington Post and Newsweek published a statement in which an individual, authorized by Defendant to speak on his behalf, responded to her repeated allegations of a sexual assault. On January 5, 2015, Green amended the complaint in order to join two other individuals (collectively "Plaintiffs"), each of whom makes similar claims against Defendant. (Dkt. No. 13, First Amended Complaint ("First Am. Compl.") (joining Therese Serignese and Linda Traitz as Plaintiffs).) At some point thereafter, Green learned

the Washington Post had published a correction to its November, 2014 article relative to the response attributed to the Defendant. The correction indicated the response was made in 2005 by an agent of the Defendant and reprinted for the 2014 article. (Dkt. No. 19, Plaintiffs' Memorandum in Support of Motion For Leave to File Second Amended Complaint ("Pls.' Mem.") ¶¶ 4, 7, 9.) Plaintiffs now seek leave to amend their complaint again, pursuant to Fed. R. Civ. P. 15(a), in light of that fact. (Dkt. No. 18, Plaintiffs' Motion for Leave to File Second Amended Complaint.) The amendment sought would address the issue of the date of Defendant's allegedly defamatory statement to the Washington Post. (Dkt. No. 19, Pls.' Mem. ¶¶ 4-9.)

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); see also Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015) ("In reviewing a district court's decision on whether or not to grant an amendment, we routinely focus our analysis on the prejudice to the non-moving party."). Here, Defendant asserts Plaintiffs' proposed amendment is futile because the newly amended complaint would fail to state a claim upon which relief could be granted. (Dkt. No. 27, Defendant's Memorandum ("Def. Mem.") 6 ("[T]he amendment would be futile because neither branch of the newly constructed allegations arising from the Phillips Statement—that it was issued in 2014, or that it was foreseeably republished in 2014—could withstand a motion to dismiss under Rule 12(b)(6).").) Defendant argues, inter alia, that Green's claim is barred by the applicable statute

of limitations.[1] (Dkt. No. 27, Def. Mem. 10-14.) Plaintiffs argue Defendant remains liable, even in light of the new information, because he reasonably should have expected the Washington Post's 2014 republication of the statement in question. (Dkt. No. 19, Pls.' Mem. ¶ 9.)

At this stage in the case, the court is not reviewing the sufficiency of Plaintiffs' factual allegations by ruling on Defendant's motion to dismiss for failure to state a claim.[2] (Dkt. No. 21, Motion to Dismiss for Failure to State a Claim as to Count I.) Rather, the analysis is now specifically limited to the issue of the complaint being amended for a second time. Ultimately, the court is not persuaded by Defendant's argument that the court should preemptively analyze the 12(b)(6) motion to dismiss in the context of determining whether Plaintiffs should be granted leave to amend their complaint. See generally Smith v. Costa Lines, Inc., 97 F.R.D. 451, 452 (N.D. Cal. 1983) ("[E]ven assuming that a one-year limitation period applies to the action against [the new defendant which the amendment in question proposes to add], defendants' opposition to the motion to amend the Complaint is not the proper vehicle for raising the issue."); see also 61A AM. JUR. 2d Pleading § 731 ("[T]he fact that the claim may be difficult to prove does not constitute grounds for refusal of leave to amend.").

A party's motion for leave to amend a complaint can be denied as futile when the moving party seeks to add a new claim which clearly and unequivocally would be dismissed on its face. See generally Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 200 (4th Cir. 2014) ("While leave to amend should be freely given, it '[may] be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.'" (quoting Johnson v. Oroweat Foods Co.,

---

[1] In support of his futility argument, Defendant also argues, "the allegations in the [Proposed Second Amended Complaint] of Plaintiff Green, a California resident, would be futile under California's Anti-SLAPP statute." (Dkt. No. 27, Def. Mem. 9.) For the reasons articulated in this decision, the court finds this argument to be untimely. Accordingly, the court does not express an opinion as to the merit of this argument in the context of a Motion to Dismiss at this time.

[2] After Green amended her complaint to join additional plaintiffs (Dkt. No. 13, First Am. Compl.), Defendant filed three separate motions to dismiss. (Dkt. Nos. 21, 22, 23.) In the aggregate, these motions address all three plaintiffs' claims alleged in the first amended complaint.

3

785 F.2d 503, 510 (4th Cir. 1986)). Accordingly, in Abraham v. Woods Hole Oceanographic Inst., one of the cases relied upon by Defendant (Dkt. No. 27, Def. Mem. 6), the First Circuit held that a District Court does not abuse its discretion when it denies a plaintiff leave to add an additional claim which is blatantly barred by the applicable statute of limitations. See 553 F.3d 114, 117-119 (1st Cir. 2009) (It was not an abuse of discretion to refuse to allow plaintiff to amend his complaint to include a 151B claim because said amendment would have been futile since the claim was time-barred even if it related back to the complaint's filing date.). Unlike the plaintiff in Abraham, however, Plaintiffs here do not move to add an entirely additional claim, see id.; instead, they move to amend relevant facts and corresponding arguments within one of their already-existing claims. Therefore, in the context of the court's evaluation of whether the requested leave should be granted, the strength of Defendant's argument does not rise to that of the defendants' argument in Abraham. See id. Since Defendant's argument based on futility is unavailing and Defendant has not argued this court should deny Plaintiffs' motion due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," the court concludes leave should be "freely given." Foman, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

For the reasons set forth above, the Plaintiffs are GRANTED the requested leave to file a second amended complaint. (Dkt. No. 18.) Plaintiffs should now docket their second amended complaint in accordance with CM/ECF Administrative Procedures. Defendant may file a motion to dismiss which responds to the newly amended-complaint, or which supplements the dismissal motions previously filed, by April 30, 2015. If applicable, Plaintiffs may file their amended opposition in response to a new or supplemental motion to dismiss by May 14, 2015.

It is So Ordered.

                                                                                                                   /s/ Mark G. Mastroianni
                                                                                                                   MARK G. MASTROIANNI
                                                                                                                   United States District Judge