UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

TAMARA GREEN;
THERESE SERIGNESE; and
LINDA TRAITZ

                   Plaintiffs,

   -against-

WILLIAM H. COSBY, JR.,

                  Defendant.

Civil Action No.:
14-cv-30211 (MGM)

## WILLIAM H. COSBY JR.'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO STAY DISCOVERY

Robert P. LoBue
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222

Francis D. Dibble, Jr.
Jeffrey E. Poindexter
BULKLEY, RICHARDSON & GELINAS, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115
Telephone: (413) 781-2820
Fax: (413) 272-6806

*Attorneys for William H. Cosby, Jr.*

7909475

William H. Cosby, Jr. respectfully submits this memorandum of law in support of his motion to stay discovery pending disposition of Mr. Cosby's Motions to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Courts frequently grant stays of discovery where dispositive motions are pending. The reasons are obvious as to why a stay is often appropriate in such circumstances: if Mr. Cosby's motions to dismiss are granted, *then no discovery is necessary at all.* Even if some discovery is ultimately necessary, awaiting decision will allow that discovery to be tailored and efficiently focused on those claims, if any, that do survive. Waiting for the Court to resolve the pending motions to dismiss may substantially lessen—or eliminate—the burdens associated with discovery.

A stay is clearly appropriate in this defamation action. Among the many reasons Plaintiffs' defamation claims should be dismissed is that the allegedly defamatory statements consist only of constitutionally protected opinions and non-defamatory statements of fact. Courts should be careful to ensure that constitutionally protected speech is not discouraged. But it is not only actual liability that may have that effect; the threat of litigation and burdens of discovery may deter even protected speakers from expressing their views. To avoid chilling the exercise of constitutionally protected speech, it is thus especially important that discovery in defamation actions does not proceed unless and until the Court has determined that Plaintiffs have alleged a viable claim.

Moreover, in this instance the discovery that Plaintiffs have actually initiated—a subpoena to an attorney in Philadelphia seeking production of documents from a prior lawsuit that are expressly covered by protective orders and/or by a confidentiality agreement embedded

1

in the settlement agreement for that case—implicate privacy interests of numerous parties, including persons not before this Court, which should not be lightly ignored or trampled.

While these considerations commend a stay of discovery until Mr. Cosby's motions to dismiss are resolved, there is no benefit to beginning discovery now. Plaintiffs have not filed a motion for injunctive relief, nor is there any indication that they will suffer any harm if discovery is delayed. Indeed, given that Mr. Cosby's motions to dismiss are already fully briefed and oral argument is scheduled to take place soon, any delay associated with waiting for the Court to resolve those motions is likely to be short. There are no purposes for which Plaintiffs could use any information they might obtain in discovery during the brief period before the motions to dismiss are decided, as such information cannot be considered on those motions. The benefits of waiting to initiate discovery, however, are significant: it will allow the most efficient use of the Court's and the parties' resources in connection with the discovery process, and will avoid imposing undue burdens on the exercise of constitutionally protected speech.

## RELEVANT BACKGROUND

### A.     The Pending Motions to Dismiss

Plaintiffs Tamara Green, Therese Serignese, and Linda Traitz allege that Mr. Cosby assaulted them in separate incidents in the 1970s. (*See* Dkt. No. 48, ¶¶ 10, 39, 57.) On January 5, 2015 – more than thirty years after the alleged assaults purportedly occurred – Plaintiffs filed an amended complaint (the "Amended Complaint") alleging that Mr. Cosby is vicariously liable for defamation because his representatives made statements (the "Statements") denying Plaintiffs' accusations of assault. (Dkt. No. 13.)[1] This case is essentially three separate

---

[1] Plaintiff Green initiated this action by filing a complaint alleging claims against Mr. Cosby on December 10, 2014. Plaintiffs Serignese and Traitz were not parties to this action until the Amended Complaint was filed on January 5, 2015.

2

defamation actions joined into one: the factual allegations concerning the alleged assaults that underlie the defamation claims are different, and the allegedly defamatory denials by Mr. Cosby's agents published in 2005 and 2014 are almost entirely different for each plaintiff. For example, Ms. Green alleges that she was defamed by various statements that mention her specifically and do not involve the other two plaintiffs; Ms. Traitz alleges defamation in one statement that mentions her by name and one that does not; Ms. Serignese alleges defamation in one statement that does not mention her.

On February 27, 2015, Mr. Cosby filed motions to dismiss the Amended Complaint. (Dkt. Nos. 21-25.) Mr. Cosby argued that Plaintiffs' claims should be dismissed *in their entirety* because, *inter alia*, (1) the Statements are constitutionally protected opinions or non-defamatory statements of fact, (2) the Statements are protected by a common-law privilege of self-defense, and (3) Plaintiffs failed to plausibly plead that the speaker of any of the Statements acted with the constitutionally required degree of fault. (*See* Dkt. No. 24.) Mr. Cosby also presented additional reasons why Plaintiffs' claims could not succeed, including that Plaintiffs have not identified any statements that are of and concerning Ms. Serignese, and that any alleged statements concerning Ms. Traitz are substantially true. (*See id.*)

Also on February 27, 2015, Plaintiffs filed a motion seeking leave to amend their complaint. On April 16, 2015, the Court issued an order granting Plaintiffs permission to file a second amended complaint (the "Second Amended Complaint") (Dkt. No. 46); the Second Amended Complaint was filed that same day.

Pursuant to the Court's April 16 order, on April 30, 2015, Mr. Cosby informed the Court that he would not supplement the motions he had already filed. Instead, Mr. Cosby renewed his motions to dismiss (Dkt. Nos. 21-23) as to the Second Amended Complaint, and

relied on those motions along with his other previously filed papers, including his memorandum of law in support of his motions to dismiss (Dkt. No. 24), his reply memorandum in support of his motions to dismiss (Dkt. No. 41), and, with respect to a new matter in the Second Amended Complaint, his opposition to Plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 27). (*See* Dkt. No. 62.)

Mr. Cosby's motions to dismiss are fully briefed, and the Court has scheduled a hearing concerning those motions for June 9, 2015.[2]

### B. Plaintiffs' Intended Discovery

On April 7, 2015, Plaintiffs sought leave to seek non-party discovery by serving a subpoena upon Dolores M. Troiani, Esq. to obtain certain documents that were generated or obtained in a 2005 litigation against Mr. Cosby (the "Constand Litigation"). (Dkt. Nos. 39-40.) Mr. Cosby opposed that motion. (Dkt. No. 49.)

At a May 7, 2015 conference, the Court (Hennessy, M.J.) denied Plaintiffs' motion for leave to serve a subpoena upon Ms. Troiani. The Court determined that Plaintiffs "have not met their burden" of "showing good cause for expedited discovery" because, *inter alia*, Plaintiffs would not suffer any "demonstrated irreparable harm," the proposed discovery would burden Mr. Cosby because it "implicate[s] privacy rights of the parties that were involved in the prior litigation," and because "[t]here has not been a showing as to how the expedited production of these documents, assuming they exist, would conserve judicial or litigation resources." (Ex. 1, 5/7/15 Tr. at 32-34). The Court also ordered a scheduling conference to take place on June 19, 2015. (*See id.* at 38.)

---

[2] Mr. Cosby understands that because Plaintiffs' counsel has a conflict on June 9, 2015, argument is likely to be rescheduled to take place on June 22, 2015.

On May 26, 2015, the parties engaged in a Rule 26(f) meet and confer conference, and also a Local Rule 26.2(c) conference regarding this motion to stay discovery. The parties were unable to reach agreement on the matters set forth in this motion, as Plaintiffs refused to agree to stay discovery pending decision on the motions to dismiss. (LoBue Decl. ¶ 2.)

Among the documents Plaintiffs intend to seek in early discovery are the same ones that were the subject of their April 7 motion: documents concerning Plaintiffs Green, Serignese, and Traitz that were generated or obtained in connection with the Constand Litigation.[3] To the extent such documents exist, those materials are protected by a confidentiality agreement to which Mr. Cosby and Ms. Constand, among others, are parties. Much of the discovery in the Constand Litigation was conducted privately and submitted to the court, as necessary, under seal. (*See Constand v. Cosby*, No. 05-cv-1099 (E.D. Pa.), 11/4/05 Order (Dkt. No. 47).) In addition, terms protecting the confidentiality of the relevant materials were included as part of the agreement that resolved that litigation. (LoBue Decl. ¶ 5.)

### C. Proposed Confidentiality Agreement

On May 26, 2015 conference, Mr. Cosby shared with Plaintiffs a proposed confidentiality agreement and protective order that would govern the exchange of confidential material in this litigation. (LoBue Decl. ¶ 3.) Plaintiffs have not yet indicated whether they will agree to the terms of that proposed agreement and order. (*Id.*) Although this Court's standing order indicates that confidentiality agreements should normally be entered into between the parties and not entered as a court order, in this case Defendant believes that a court-entered

---

[3] Indeed, on May 28, 2015, Plaintiffs served a subpoena upon Ms. Troiani, counsel to Ms. Constand in connection with the Constand Litigation, demanding those documents. (Ex. 2.) Mr. Cosby intends to file a motion to quash that subpoena in the United States District Court for the Eastern District of Pennsylvania. (*See* Fed. R. Civ. P. 45(d)(3) (directing that a motion to quash is filed in "the court for the district where compliance is required").)

protective order is appropriate, both to provide maximum privacy protection for the parties and because some discovery material may be protected by an existing confidentiality agreement.

## ARGUMENT

I. **DISCOVERY SHOULD BE STAYED PENDING DISPOSITION OF MR. COSBY'S MOTIONS TO DISMISS**

    A. **A Stay of Discovery Will Facilitate Efficient Resolution of this Litigation**

"Courts are vested with broad discretion to manage the conduct of discovery, with the ultimate goal of ensuring the just, speedy, and inexpensive determination of every action and proceeding." *Sai v. Dep't of Homeland Sec.*, No. 14-cv-1876, 2015 U.S. Dist. LEXIS 50056, at *12 (D.D.C. Apr. 16, 2015) (internal citations and quotation marks omitted). To satisfy those goals, courts "have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Id.* (staying discovery "pending the resolution of the Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment") (internal quotation marks omitted); *see also Thath Sin v. Mass. Dep't of Corr.*, No. 10-cv-40226, 2012 U.S. Dist. LEXIS 61269, at *8 (D. Mass. May 2, 2012) (noting that Court previously stayed discovery pending resolution of a motion to dismiss after defendants argued a stay "would promote judicial efficiency by obviating or substantially narrowing the scope of discovery necessary in the action"); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 59 (D. Mass. 1997) (noting that "discovery, even as to jurisdictional issues, was stayed pending the disposition of the present motion").

Here, a stay of discovery would satisfy the ultimate goal of ensuring the just, speedy, and inexpensive determination of this action. If Mr. Cosby's pending motions to dismiss

6

7909475

succeed, they will be "thoroughly dispositive of the claims in the Complaint," *see Sai*, 2015 U.S. Dist. LEXIS 50056, at *12, and there will be no basis for discovery at all. *See also Sobczak v. Corr. Med. Servs.*, No. 09-cv-57, 2010 U.S. Dist. LEXIS 13503, at *3-4 (W.D. Mich. Feb. 17, 2010) (staying discovery "until the court resolves the outstanding motions to dismiss and for summary judgment" and noting that "[t]here is no reason for the parties to engage in discovery until the court has resolved these motions.").

Indeed, Mr. Cosby has presented three different arguments—each of which is independently sufficient—explaining why *all* of the claims in the Second Amended Complaint should be dismissed. (*See* Dkt. No. 24.) Mr. Cosby has also presented additional arguments for why certain of the individual Plaintiffs' claims should be dismissed. For example, Mr. Cosby has a statute of limitations defense solely against Ms. Green. Plaintiffs have not identified any allegedly defamatory statement that is of and concerning Ms. Serignese. Similarly, Defendant argues solely with respect to Plaintiff Traitz that her defamation claims cannot succeed because the allegedly defamatory statements are substantially true because of her multiple convictions for felonies involving dishonesty. The Court's decision on the pending motions to dismiss will determine which, if any, of Plaintiffs' claims may proceed and accordingly the proper scope of discovery.

Awaiting the Court's resolution of Mr. Cosby's pending motions to dismiss will thus aid the efficient resolution of this matter by avoiding unnecessary discovery and tailoring any discovery that must take place to the claims that are actually at issue in this litigation. As other courts have recognized, a "stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Sai*, 2015 U.S. Dist. LEXIS 50056 at *12

(internal citations and quotation marks omitted); *see also Cleveland Constr., Inc. v. Schenkel & Schultz Architects, P.A.*, No. 08-cv-407, 2009 U.S. Dist. LEXIS 33876, at *6 (W.D.N.C. Mar. 31, 2009)("If discovery is not stayed and if the motion to dismiss is granted, the voluminous discovery in this case would be wasteful and inefficient.").[4]

### B. A Stay of Discovery is Necessary to Protect Constitutionally Protected Speech

A stay of discovery pending the resolution of Mr. Cosby's motions to dismiss is especially appropriate here, where Mr. Cosby's constitutionally protected right to free speech is at issue.

"[T]here is particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms." *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) (quotation marks omitted) (citing *Armstrong v. Simon & Schuster*, 649 N.E.2d 825, 828 (N.Y. 1995). *See also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1245 (2004) ("[T]he standard for successfully pleading defamation tends to be more stringent than that applicable to most other substantive claims because of the historically unfavored nature of this type of action, the First Amendment implications of many of these cases, and the desire to discourage . . . vexatious litigation."). Indeed, as Mr. Cosby has already explained in his motions to dismiss, one of the reasons Plaintiffs' claims cannot succeed is that the Statements largely consist of constitutionally protected opinions (and any remaining portions are non-defamatory statements of fact). (*See* Dkt. No. 24 at 11-22.) While the costs and burdens

---

[4] This motion to stay discovery includes a stay of the exchange of Rule 26(a)(1) initial disclosures until after Mr. Cosby's motions to dismiss have been resolved. Pursuant to Rule 26(a)(1)(C), Mr. Cosby objected during the parties' Rule 26(f) conference that initial disclosures are not appropriate in this action, if at all, until after the motions to dismiss have been resolved and intends to include that objection in the parties' proposed discovery plan.

associated with discovery exist in every case, they are especially profound here: even if a defendant is ultimately successful, the burden of litigation may chill the exercise of constitutionally protected speech. This is especially so if discovery is permitted to proceed *even before a motion to dismiss is decided.*

As this Court has already acknowledged, "efforts to manage discovery are always ongoing. They're expensive; they're time consuming." (Ex. 1, 5/7/15 Tr. at 10.) There is a particular burden in this case because many of the materials Plaintiffs seek in discovery are protected by a confidentiality agreement to which Mr. Cosby is a party. (*See id.* at 10 (noting that many of the documents Plaintiffs seek "are under seal and [] are the subject of a confidentiality agreement") & 34 (noting burden on Mr. Cosby "because it does implicate privacy rights of the parties that were involved in the prior litigation").

A stay of discovery pending the Court's resolution of the pending motions to dismiss is thus especially appropriate here, where the burden associated with discovery may have the effect of chilling constitutionally protected speech.

### C. Plaintiffs Have No Pressing Need for Discovery

Plaintiffs are unable to identify any reason why they need discovery *now*, or how they will be harmed if discovery follows the Court's resolution of the pending motions to dismiss.

As Judge Hennessy noted in denying Plaintiffs' recent motion to initiate discovery, "the standard on a motion to dismiss requires that a court take the allegations in a complaint as true and take all reasonable inferences in favor of the plaintiff that can be drawn from those facts." (Ex. 1, 5/7/15 Tr. at 32.) No matter what the discovery shows, it cannot save Plaintiffs' claims from dismissal if they are insufficient as a matter of law.

Moreover, the Court is likely to resolve the motions to dismiss in the near future. Those motions are already fully briefed, and argument is already scheduled. In the event that any of Plaintiffs' claims survive a motion to dismiss, the delay in seeking discovery should be minimal. That minimal delay will not result in any harm to Plaintiffs.

## CONCLUSION

For the reasons set forth above, Mr. Cosby respectfully requests that the Court stay all discovery pending the resolution of Mr. Cosby's motions to dismiss.

Dated: May 29, 2015

> PATTERSON BELKNAP WEBB & TYLER LLP
>
> By: */s/ Robert P. LoBue*
> Robert P. LoBue
> 1133 Avenue of the Americas
> New York, New York 10036
> Telephone No.: (212) 336-2000
> Facsimile No.: (212) 336-2222
>
> BULKLEY, RICHARDSON & GELINAS, LLP
>
> By: */s/ Francis D. Dibble, Jr.*
> Francis D. Dibble, Jr.
> Jeffrey E. Poindexter
> 1500 Main Street, Suite 2700
> Springfield, Massachusetts 01115
> Telephone: (413) 781-2820
> Fax: (413) 272-6806
>
> *Attorneys for the Defendant William H. Cosby*

7909475