**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITS, LOUISA MORITZ, BARBARA BOWMAN, JOAN TARSHIS, and ANGELA LESLIE,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM H. COSBY, JR.,<br><br>Defendant. | Case No.: 3:14-cv-30211-MGM |
| WILLIAM H. COSBY, JR.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITS, LOUISA MORITZ, BARBARA BOWMAN, JOAN TARSHIS, and ANGELA LESLIE,<br><br>Counterclaim Defendants. | |

**WILLIAM H. COSBY JR.'S MEMORANDUM IN SUPPORT OF
THE MOTION TO ENTER THE PROPOSED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER AS WELL AS THE PROPOSED ESI PROTOCOL**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..............................................................................................................1

FACTS ...................................................................................................................................................2

I.     PROCEDURAL HISTORY..........................................................................................................2

II.    SCHEDULING CONFERENCE..................................................................................................3

III.   PLAINTIFFS' ABUSIVE DISCOVERY......................................................................................4

I.     THIS COURT SHOULD ENTER MR. COSBY'S PROPOSED PROTECTIVE ORDER BECAUSE GOOD CAUSE EXISTS AND THE PUBLIC NEITHER HAS A COMMON LAW RIGHT NOR A TENABLE CONSTITUTIONAL BASIS TO ASSERT ACCESS TO INFORMATION REVEALED IN PRETRIAL DISCOVERY......................................................................................................5

     A.    Mr. Cosby's Proposed Protective Order Addresses The Court's Concerns About Presumption. ..................................................................................................6

     B.    The Public Does Not Have A Right To Access Information Obtained In Pretrial Discovery. ..........................................................................................................7

     C.    Good Cause Exists to Enter the Proposed Protective Order. ...............................8

II.    BECAUSE PLAINTIFFS HAVE OFFERED NO MEANINGFUL ALTERNATIVE OR SUGGESTIONS, THIS COURT SHOULD ENTER MR. COSBY'S PROPOSED ESI PROTOCOL. ....................................................................11

CONCLUSION....................................................................................................................................12

i

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Anderson v. Cryovac, Inc.*,
    805 F.2d 1 (1st Cir. 1986)..................................................................................................7, 8

*Ayala-Gerena v. Bristol Myers-Squibb Co.*,
    95 F.3d 86 (1st Cir. 1996)........................................................................................................5

*In re Boston Herald, Inc.*,
    321 F.3d 174 (1st Cir. 2003)....................................................................................................8

*Doe v. Tencza*,
    2012 WL 3265023 (D. Conn. Aug. 9, 2012) .....................................................................9, 10

*F.T.C. v. Standard Fin. Mgmt. Corp.*,
    830 F.2d 404 (1st Cir. 1987)............................................................................................5, 8, 9

*Gill v. Gulfstream Park Racing Ass'n., Inc.*,
    399 F.3d 391 (1st Cir. 2005)................................................................................................5, 6

*In re Gitto Glob. Corp.*,
    422 F.3d 1 (1st Cir. 2005).........................................................................................................7

*Matson v. Bd. of Educ. of City Sch. Dist. of New York*,
    631 F.3d 57 (2d Cir. 2011)................................................................................................9, 10

*Richmond Newspapers, Inc. v. Virginia*,
    448 U.S. 555 (1980)..................................................................................................................8

*In re San Juan Star Co.*,
    662 F.2d 108 (1st Cir. 1981)...............................................................................................5, 10

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)..............................................................................................................8, 10

*Whalen v. Roe*
    429 U.S. 589 (1977).................................................................................................................9

**PRELIMINARY STATEMENT**

Although the scope of pretrial discovery is generally broad, courts routinely recognize that information obtained through discovery has not passed through the strict threshold tests of relevance and admissibility.  As a result, there is opportunity for litigants to obtain, incidentally or purposefully, information that is not only irrelevant, but prejudicial, damaging to reputation and privacy, and ripe for abuse through opportunistic disclosures.

Accordingly, defendant William H. Cosby seeks a protective order and, with this brief, has submitted his *Proposed Confidentiality Agreement and Protective Order* ("Proposed Protective Order") for approval by the Court.  Since the Status Conference on November 30, 2015, Mr. Cosby has revised his Proposed Protective Order to address the Court's concerns.  The revised Proposed Protective Order applies to information and testimony produced during pretrial discovery, and it limits the duration of the confidential treatment of that information for a period of fourteen (14) days, during which time any party seeking further confidential treatment of such information may submit their request by motion to the Court.

Good cause exists to enter Mr. Cosby's Proposed Protective Order.  Plaintiffs have made clear that they intend to publicize every aspect of discovery in this case.  Within a few days of this Court lifting the stay on discovery, Plaintiffs announced to the media the dates of deposition notices for Mr. Cosby and his wife.  At the same time, Plaintiffs served discovery seeking information concerning Mr. Cosby's entire medical history and sex life since 1968. The public has only most limited right to this type of pre-trial discovery information.  On the other hand, the intimate and personal details that Plaintiffs seek from Mr. Cosby are central to his right of privacy.

As to the Mr. Cosby's *Proposed Discovery Plan for Electronically Stored Information* ("Proposed ESI Protocol"), at the November 30 Status Conference, this Court instructed the

1

parties to present a discovery plan for electronically stored information on or before December 14, 2015. Although Mr. Cosby filed and presented his Proposed ESI Protocol for adoption prior to the Status Conference, Plaintiffs represented to the Court that they were still evaluating it and needed more time. To date, however, Plaintiffs have not agreed to the Proposed ESI Protocol, suggested any revisions to it or even presented a proposal of their own. Indeed, Plaintiffs have not provided any meaningful basis for any opposition to the Proposed ESI Protocol. Mr. Cosby thus respectfully moves this Court to enter the Proposed ESI Protocol filed concurrently herewith.

## FACTS

### I.   PROCEDURAL HISTORY

In or around November 2014, Plaintiffs each gave interviews to the media or otherwise published public allegations that Mr. Cosby sexually assaulted them. (Dkt. 109.) On December 10, 2014, Plaintiff Tamara Green filed a defamation action against Mr. Cosby asserting that he defamed her by denying her public allegations that he sexually assaulted her several decades ago. (Dkt. 1.) Subsequently, Plaintiffs Theresa Serignese and Linda Traitz were added as parties though a Second Amended Complaint, filed on April 16, 2015, asserting that they were also defamed by Mr. Cosby. (Dkt. 48.) Mr. Cosby moved to dismiss the claims asserted in the Second Amended Complaint and this Court denied Mr. Cosby's motions on October 9, 2015. (Dkt. 89.)

Before Mr. Cosby was required to file a responsive pleading to the Second Amended Complaint, Plaintiffs sought to file a Third Amended Complaint adding four additional defamation plaintiffs as well as additional causes of action for Invasion of Privacy (False Light) and Intentional Infliction of Emotional Distress (dkt. 105). Plaintiffs filed their Third Amended

Complaint on November 13, 2015 (dkt. 107), and Mr. Cosby filed his response to the Third Amended Complaint on December 14, 2015 (dkt. 121).

## II.     SCHEDULING CONFERENCE

This Court held a Scheduling Conference on this matter for November 30, 2015.  (Dkt. 98.)  In preparation for the Scheduling Conference and pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(d), Mr. Cosby submitted a proposed protective order as well as the Proposed ESI Protocol for adoption.  (Dkts. 111-1, 111-2.)

At the Scheduling Conference, the Court expressed concern that a protective order that allows the parties to unilaterally designate what is confidential may improperly interfere with the public's right to access the proceedings.  (Dkt. 119 at 5-6.)  The Court additionally instructed that any newly proposed protective order should address concerns of workability and should be tailored to address concerns regarding potential delays and costs.  (*Id.* 6-7.)

As to the Proposed ESI Protocol, when asked by the Court, Plaintiffs represented that they were amenable to signing an agreement, however Plaintiffs also said that they were still evaluating the Proposed ESI Protocol and "just need[ed] a bit more time to focus on it, quite frankly." (Dkt. 119 at 4.)  The Court set a deadline for the parties to submit an agreement for ESI on or before December 14, 2015.  (*Id.*; Dkt. 118 at 1.)

Despite having over three weeks to review Mr. Cosby's Proposed ESI Protocol, and despite the Court setting a deadline for December 14, 2015 for an ESI agreement, Plaintiffs have not only refused to agree to the Proposed ESI Protocol, but they have also failed to propose a viable ESI protocol of their own.  Although Plaintiffs represented that they just needed a bit more time to focus on Mr. Cosby's Proposed ESI Protocol (dkt. 119 at 4), on December 9, 2015, Plaintiffs proposed that the parties start from scratch and sent undersigned counsel an unmodified form ESI agreement from the U.S. District Court for the Western District of

Washington ("Form ESI Agreement") that is generally used for corporate commercial litigations. *See* Exhibit A. Unlike Mr. Cosby's Proposed ESI Protocol, the Form ESI Agreement was unmodified and is currently inoperable as a proposed agreement. By Plaintiffs' own admission, the parties would have to excise certain sections (*e.g.*, sections regarding privilege and general principles) and would have to modify others sections (*e.g.*, regarding custodians of ESI) to begin to address the irrelevant or unnecessarily complicated provisions contained therein. *See id.* To address these ambiguities, on that same day, December 9, 2015, counsel to Mr. Cosby requested that Plaintiffs prepare the Form ESI Agreement by filing in the blanks, excising and modifying the provisions as Plaintiffs would propose, and then sending the completed ESI proposal for review. *See* Exhibit B. Despite this request, however, Plaintiffs have failed to produce a anything more than the unmodified Form ESI Agreement initially proposed.

### III.   PLAINTIFFS' ABUSIVE DISCOVERY

Two days after this Court lifted the stay on discovery at the Scheduling Conference, Plaintiffs served their first set of Interrogatories and Request for Production of Documents upon Mr. Cosby. *See* Exhibit C. Although the gravamen of Plaintiffs' claims is a defamation action concerning each Plaintiffs' own accusations of sexual misconduct, Plaintiffs' discovery requests seek irrelevant and extraordinarily invasive and intimate details regarding Mr. Cosby's life. For example, the document and interrogatory requests demand all medical records and a description of "each and every time" Mr. Cosby has ever obtained prescribed medication, all medical records created over the past 35 years regarding any "joint pain," "erectile and/or other sexual dysfunction, sexual paraphilia and/or sexual fetish." The discovery requests also the identity of "each and every person (other than [Mr. Cosby's] spouse) with whom [he] had a sexual encounter, since 1968, and the date of each such sexual encounter." *See* Exhibit C.

The next day, on December 3, 2015, a reporter from the New York Times represented that Plaintiffs informed him of the dates Mr. and Mrs. Cosby were set to be deposed, that Plaintiffs intend to depose Cosby attorney Monique Pressley and others, and requested comments on these representations.  *See* Exhibit D.  Plaintiffs did not send a subpoena for Mrs. Cosby's deposition until the following week.  *See* Exhibit E.

## ARGUMENT

I. **THIS COURT SHOULD ENTER MR. COSBY'S PROPOSED PROTECTIVE ORDER BECAUSE GOOD CAUSE EXISTS AND THE PUBLIC NEITHER HAS A COMMON LAW RIGHT NOR A TENABLE CONSTITUTIONAL BASIS TO ASSERT ACCESS TO INFORMATION REVEALED IN PRETRIAL DISCOVERY.**

This Court has broad discretion in ruling on pre-trial management matters.  *See Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996).  Because information produced during pretrial discovery "has not passed the strict threshold tests of relevance and admissibility, […] the information revealed may be irrelevant, prejudicial, or pose an undue invasion of an individuals right to privacy."  *See In re San Juan Star Co.*, 662 F.2d 108, 114-15 (1st Cir. 1981).  Upon a showing of good cause, Federal Rule of Civil Procedure 26(c) authorizes this Court to restrict public access to information obtained in pretrial discovery to protect against annoyance, embarrassment, or undue burdens such as the invasion of a party's privacy rights.  *See, e.g., F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987) ("privacy rights of participants and third parties' are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.").

Good cause exists in this case if Mr. Cosby's privacy interests and the need for confidentiality outweigh any consideration of public access to information obtained in pretrial discovery.  *See Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005)

("In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced.").

### A. Mr. Cosby's Proposed Protective Order Addresses The Court's Concerns About Presumption.

At the November 30 Status Conference, this Court was reluctant to enter Mr. Cosby's then-proposed protective order because the Court was concerned that the proposed order allowed the parties to unilaterally designate confidential information which may have improperly interfered with the public's right of access to the proceeding. (Dkt. 119 at 5-7.) Additionally, the Court noted that the proposed order need be workable to ensure transparency of the proceedings and that it should address concerns regarding potential delays and additional costs. (*Id.*)

Upon the Court's instruction, Mr. Cosby amended the Proposed Protective Order to addresses the Court's concerns. Under the Proposed Protective Order, all information, materials, and testimony revealed through pretrial discovery shall be afforded confidential treatment for a period of fourteen (14) days, upon which time any party seeking further confidential treatment of such information may submit their request by motion to the Court, and that information will remain confidential until the Court rules on the motion. If no motion is made before the expiration of the fourteen day period, then the information will not receive confidential treatment pursuant to the Proposed Protective Order.

Mr. Cosby's Proposed Protective Order addresses the Court's concern regarding unilateral designation of confidential information by putting the onus on the party seeking confidential treatment beyond the fourteen day period to request such relief from the Court by motion. The Proposed Protective Order is workable and transparent because it allows for discovery to proceed without having confidentiality-related motion practice before each and

every discovery obligation, particularly in circumstances where the responses or testimony have not yet been produced.  Instead, the Proposed Protective Order allows for discovery while simultaneously providing a mechanism to prevent any opportunistic disclosures of potentially irrelevant, misleading, and/or embarrassing information disclosed in pretrial discovery.

> B. **The Public Does Not Have A Right To Access Information Obtained In Pretrial Discovery.**

*Common Law Presumption.*  Courts have long recognized a presumption of public access to judicial records.  *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (citations omitted). The presumption of public access to judicial records allows the public to keep a watchful eye on the workings of public agencies, such as the courts.  *Id.*  The presumption of public access, however, does not apply if the information at issue is not a "judicial record" subject to the presumption.  *Id.* at 9 ("The common law requires the court to determine whether the document at issue is a 'judicial record' subject to the presumption of public access.").

In the present case, the public does not have a common law presumption to access the information at issue because they are not "judicial records."  *See In re Gitto*, 422 F.3d at 6. Indeed, the confidential treatment only applies to materials obtained in pretrial discovery and only for a period of 14 days.  It does not, on its own, restrict access to any information used to determine any of the parties substantive rights.  Accordingly, the public does not have a presumption to access those materials.  *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("The courts have not extended [the common law presumption of access] beyond materials on which a court relies in determining the litigants' substantive rights.").  The First Circuit is explicit on this point, the presumption of public access only applies to "materials on which the court relies in determining the litigants' substantive rights," and "[t]hose documents which play

no role in the adjudication process,[] such as those used only in discovery, lie beyond reach." *See Standard Fin.*, 830 F.2d at 408 (citing *Anderson*, 805 F.2d at 13).

*First Amendment Right to Public Access*.  The Supreme Court has also recognized a qualified First Amendment right of access to certain judicial proceedings and documents.  *See In re Boston Herald, Inc.*, 321 F.3d 174, 182 (1st Cir. 2003) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, (1980)).  Like the common law presumption of public access, however, because the Proposed Protective Order is limited to the context of pretrial discovery and does not restrict the dissemination of the information if gained from other sources, the public does not have a viable First Amendment interest in accessing the information here.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-34 (1984) ("[I]t is significant to note that an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny."); *Anderson*, 805 F.2d at 6 ("[W]here, as in this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment.").

In any event, other than the material that is expressly ruled upon by the Court, all pretrial discovery material will be public after the expiration of the time period set forth in the order.  Thus, the limited public interest in those materials is preserved.  Accordingly, the Proposed Protective Order takes into account and accommodates the public's interest in the discovery materials that will be exchanged in the present case.

    C.    <u>**Good Cause Exists to Enter the Proposed Protective Order.**</u>

In addition, the Proposed Protective Order protects Mr. Cosby's privacy interests and need for confidentiality, important rights that outweigh the limited rights of public access to information obtained in pretrial discovery.  *See Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399

8

F.3d 391, 402 (1st Cir. 2005) ("In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced."); *see also Standard Fin.*, 830 F.2d at 411 ("privacy rights of participants and third parties' are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records").

*Mr. Cosby's Privacy Interests.* In *Whalen v. Roe*, the Supreme Court recognized that there exists in the United States Constitution a right to privacy protecting "the individual interest in avoiding disclosure of personal matters." 429 U.S. 589, 599 (1977). Mr. Cosby's private life, and physical and sexual health, are intimate details that that are protected by the right to privacy. *See Doe v. Tencza*, 2012 WL 3265023, at *3 (D. Conn. Aug. 9, 2012) ("These intimate details concern Ms. Doe's private life, and her physical and sexual health, and particularly as they pertain to the extra-marital sexual relationship she had […], are likely to bring about the kind of public opprobrium that the right to privacy is intended to shield against."). Likewise, Mr. Cosby's medical records, even those unrelated to his sexual health, are equally constitutionally protected. *See Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 66 (2d Cir. 2011) ("Medical information in general, and information about a person's psychiatric health and substance-abuse history in particular, is information of the most intimate kind" the combination of which "is one that is likely to bring about public opprobrium.") (citations omitted).

Notwithstanding Mr. Cosby's protected privacy interests, however, Plaintiffs have already demonstrated a strategy of serving interrogatories and document production requests that impinge upon Mr. Cosby's right to privacy over his "personal matters." *See id.* Plaintiffs' discovery requests are intrusive and offensively broad; for example, requesting all medical records created over the past 35 years regarding any "joint pain," prescription medication, "erectile and/or other sexual dysfunction, sexual paraphilia and/or sexual fetish," as well as

9

demanding the identities of every individual with whom Mr. Cosby has had an extramarital sexual encounter since 1968. *See* Exhibit C. Good cause exists to enter the Proposed Protective Order because the discovery that Plaintiffs' seek is precisely the types of information Mr. Cosby's right to privacy protects from unwarranted and opportunistic disclosure. *See Tencza*, 2012 WL 3265023 at *3; *see also Matson*, 631 F.3d at 66.

*Mr. Cosby's Need for Confidentiality.* Because information obtained through discovery has not passed through the strict threshold tests of relevance and admissibility, "the information revealed may be irrelevant, prejudicial, or pose an undue invasion of an individual's privacy." *See In re San Juan Star*, 662 F.2d at 114-15. As the Supreme Court noted in *Rhinehart*, "[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse" which "may seriously implicate privacy interests of litigants." 467 U.S. at 34-35. Indeed, the Court warned, "there is opportunity, therefore, for litigants to obtain— incidentally or purposefully—information that not only is irrelevant but if publically released could be damaging to reputation and privacy." *See id.* at 35-36.

Considering Plaintiffs' invasive discovery requests, the warning in *Rhienhart* is certainly applicable here. Moreover, Plaintiffs have also revealed a strategy to simultaneously use the media in the discovery process. Before any deposition notices were issued, reporters from the New York Times represented that Plaintiffs' have reached out to them, informed them of the proposed deposition dates for Mr. and Mrs. Cosby, as well as further depositions of Mr. Cosby's attorney Monique Pressley and others. *See* Exhibit D.

Plaintiffs' apparent intention to involve the media at the discovery stage of the litigation, coupled with the prejudice Mr. Cosby will suffer from any opportunistic disclosure of confidential information revealed during pretrial discovery, provides good cause for this Court to

enter the Proposed Protective Order. The Proposed Protective Order will prevent the disclosure of information that may be confidential, but would otherwise be disclosed to the media before the Court could address the information by motion.

## II. BECAUSE PLAINTIFFS HAVE OFFERED NO MEANINGFUL ALTERNATIVE OR SUGGESTIONS, THIS COURT SHOULD ENTER MR. COSBY'S PROPOSED ESI PROTOCOL.

Pursuant to this Court's Scheduling Order, the parties are required to execute a written agreement regarding the preservation and discovery of electronically stored information. (Dkt. 118 at 1). Despite having over three weeks to review Mr. Cosby's Proposed ESI Protocol, and despite the Court setting a deadline for December 14, 2015 for an ESI agreement, Plaintiffs continue to refused to agree to the Proposed ESI Protocol. Plaintiffs have also failed to propose a viable ESI protocol of their own. Instead, Plaintiffs' proposed that that the parties start from scratch and use a Form ESI Agreement for corporate parties from the Western District of Washington (s*ee* Exhibit A). Unlike Mr. Cosby's Proposed ESI Protocol, this Form ESI Agreement is tailored to corporate parties, not individuals. By Plaintiffs' own admission, this Form ESI agreement required modification to make it applicable to the present case, thus requiring additional negotiations to resolve ambiguities and uncertainties on issues that are already addressed in Defendant's Proposed ESI Protocol. On December 9, 2015, counsel to Mr. Cosby requested that Plaintiffs explain how they thought the Form ESI Agreement should be modified, so that there would be a proposal that could be evaluated and compared to Mr. Cosby's proposal. *See* Exhibit B. Despite this request, however, Plaintiffs' have failed to provide any additional suggestions or proposals on ESI. Thus, because there is no meaningful alternative to Mr. Cosby's Proposed ESI Protocol, this Court should adopt the Proposed ESI Protocol in full.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Motion in full, and enter and bind the parties to the Proposed Protective Order and Proposed ESI Protocol.

Dated:  December 14, 2015			Respectfully submitted,


					By: *s/John J. Egan*
					Christopher Tayback
					Marshall M. Searcy III
					QUINN EMANUEL URQUHART &
					SULLIVAN, LLP
					865 South Figueroa Street, 10th Floor
					Los Angeles, California 90017-2543
					(213) 443 3000

					John J. Egan
					EGAN, FLANAGAN & COHEN, PC
					67 Market Street
					PO Box 9035
					Springfield, MA 01102-9035
					413-737-0260

					*Attorneys for William H. Cosby, Jr.*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on December 14, 2015, I caused the foregoing document to be electronically filed using the CM/ECF, which will automatically transmit Notice of Electronic Filing to all attorneys of record, as follows:

**Joseph Cammarata**
**Matthew W. Tievsky**
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Andrew M. Abraham**
Abraham & Associates, P.C.
2 Center Plaza, Suite 620
Boston, MA 02108

**Ira Sherman**
The Law Building
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Alexandra B. Schmit**
**Michael A. Bressler**
The Bressler Firm LLC
Suite 1800
180 N. Michigan Avenue
Chicago, IL 60601

                                            *s/John J. Egan*
                                            John J. Egan