UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITZ, LOUISA MORITZ, BARBARA BOWMAN, JOAN TARSHIS, and ANGELA LESLIE,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM H. COSBY, JR.,<br><br>    Defendant. | Case No.: 3:14-cv-30211-MGM |
| WILLIAM H. COSBY, JR.,<br><br>    Counterclaim Plaintiff,<br><br>    v.<br><br>TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITZ, LOUISA MORITZ, BARBARA BOWMAN, JOAN TARSHIS, and ANGELA LESLIE,<br><br>    Counterclaim Defendants. | |

**CAMILLE COSBY'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH HER DEPOSITION SUBPOENA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...........................................................................................................1

FACTUAL BACKGROUND ...............................................................................................................2

ARGUMENT .........................................................................................................................................3

I. THE COURT SHOULD QUASH THE SUBPOENA TO MRS. COSBY BECAUSE SHE DOES NOT HAVE RELEVANT INFORMATION TO THIS SUIT THAT WOULD NOT BE SUBJECT TO THE MARITAL DISQUALIFICATION. ...........................................................................................3

    A. Mrs. Cosby's Testimony Is Barred By Marital Disqualification. ...........................4

    B. The Evidentiary Benefit to Plaintiffs Does Not Outweigh the Burden of Forcing Mrs. Cosby to Testify. ..................................................................................5

        1. Mrs. Cosby's Role As Business Manager Does Not Provide Her With Information Relevant To This Lawsuit. ...............................................6

        2. Mrs. Cosby's Public Statement of Support Also Does Not Justify Her Deposition. ...................................................................................................7

        3. Instructions Not To Answer Are Not Sufficient Protection To Justify That The Deposition Of Mrs. Cosby Go Forward. ...........................8

II. IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A PROTECTIVE ORDER LIMITING THE SCOPE OF THE TESTIMONY SOUGHT. ............................9

CONCLUSION .....................................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Com. v. Azar*,
 32 Mass. App. Ct. 290, 588 N.E.2d 1352 (1992) ..................................................................4, 5

*Commonwealth v. Perl*,
 50 Mass. App. Ct. 445, 737 N.E.2d 937 (2000) ........................................................................6

*Cusumano v. Microsoft Corp.*,
 162 F.3d 708 (1st Cir. 1998).................................................................................................5, 8

*Dongguk Univ. v. Yale Univ.*,
 270 F.R.D., 70 (D.Conn. 2010)..................................................................................................9

*Ellison v. Am. Nat'l Red Cross*,
 151 F.R.D. 8 (D.N.H. 1993) ....................................................................................................10

*Gallagher v. Goldstein*,
 402 Mass. 457, 524 N.E.2d 53 (1988) .......................................................................................4

*Gill v. Gulfstream Park Racing Ass'n., Inc.*,
 399 F.3d 391 (1st Cir. 2005).....................................................................................................9

*Guan Ming Lin v. Benihana Nat. Corp.*,
 2010 WL 4007282 (S.D.N.Y. Oct. 5 2010) ..............................................................................9

*Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
 333 F.3d 38 (1st Cir. 2003).......................................................................................................5

*Poliquin v. Garden Way, Inc.*,
 989 F.2d 527 (1st Cir. 1993).....................................................................................................9

*Public Citizen v. Liggett Group, Inc.*,
 858 F.2d 775 (1st Cir. 1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838,
 102 L.Ed.2d 970 (1989) ............................................................................................................9

*United States v. Rakes*,
 136 F.3d 1 (1st Cir. 1998).........................................................................................................8

*Seattle Times Co. v. Rhinehart*,
 467 U.S. 20 (1984).....................................................................................................................9

*United States v. Microsoft Corp.*,
 165 F.3d 952 (D.C.Cir. 1999)....................................................................................................9

*Wolfle v. United States*,
 291 U.S. 7 (1934).......................................................................................................................6

**Statutes**

Fed. R. Civ. P. Rule 26(c) .................................................................................................................9

Fed. R. Civ. Pro. 26(c)(1) ................................................................................................................9

Fed. R. Civ. P. 45(d)(1) ...................................................................................................................5

Fed. R. Civ. P. Rule 45(d)(3)(A) ..................................................................................................3, 5

Fed. R. Evid. 501 .............................................................................................................................4

M.G.L. c. 233 sec. 20(b)(1) .............................................................................................................4

**Other Authorities**

14B Mass. Prac. § 10.92 ..............................................................................................................4, 7

"Bill Cosby's Wife Camille to Give Deposition in Defamation Case,"
ET News Online, dated December 3, 2015,  http://www.etonline.com/news/
177322_bill_cosby_wifescheduled_to_give_a_deposition/ ............................................................3

Camille Cosby's statement on Assault Accusations, dated December 15, 2014,
http://bigstory.ap.org/article/95effedee7ce41e28b5f51f0e589115f/camille-
cosbys-statement-assault-accusations. ............................................................................................7

Mass. Prac., Summary Of Basic Law § 10.30 (4th ed.) ..................................................................4

**PRELIMINARY STATEMENT**

Camille Cosby, ("Mrs. Cosby"), wife of Defendant William H. Cosby Jr. ("Defendant"), a non-party to this action, respectfully requests that the Court enter an order quashing the deposition subpoena served upon her by Plaintiffs.  Mrs. Cosby has no first-hand, non-repetitive knowledge of the issues that are the subject of discovery.  Any knowledge Mrs. Cosby may have regarding the allegations contained in the Third Amended Complaint (Dkt. No. 109, "TAC"), would have come from Defendant.  However, information that was the subject of confidential communications between Mrs. Cosby and Defendant is protected by Massachusetts' spousal disqualification rule.  Massachusetts public policy strongly favors the protection of confidential marital communications, even in the face of a subpoena.

Though claiming that they should not have to divulge litigation "strategy," Plaintiffs have offered two reasons why they should take Mrs. Cosby's deposition.  First, Plaintiffs argue that Mrs. Cosby has acted as Defendant's business manager.  But, as Plaintiffs concede, Mrs. Cosby was not a witness who has any information about the accuracy of Plaintiffs' various allegations, and her purported business role does not give her access to any information that might be relevant to Plaintiffs' claimed damages.  Nor does Defendant intend to call Mrs. Cosby to support any of the claims for damages on his own counterclaims.

Plaintiffs have also reasoned that, because Mrs. Cosby has published a statement on behalf of Defendant, they should be able to inquire about the basis for the statement.  However, Mrs. Cosby's statement, which opined that her husband is the man people thought they knew, does not offer any details of marital communications.  Even if it were possible to waive the marital disqualification with a public statement of support for a spouse, there has been no such waiver here.

1

Accordingly, the subpoena should be quashed. The burden upon Mrs. Cosby is unnecessary, unreasonable, and improper to impose on a non-party, where the only information that could be obtained from Mrs. Cosby is marginally relevant at best and more easily obtained from other parties.

## FACTUAL BACKGROUND

**Case Overview**. Seven individuals are currently suing Defendant in the above titled action: Tamara Green, Therese Serignese, Linda Traitz, Louisa Moritz, Barbara Bowman, Joan Tarshis, and Angela Leslie. This action was initiated on December 10, 2014 by Ms. Green. The complaint was amended for the first time on January 5, 2015, adding plaintiffs Ms. Traitz and Ms. Serignese. A second amended complaint was filed on April 16, 2015. Plaintiffs Ms. Moritz, Ms. Bowman, Ms. Tarshis, and Ms. Leslie joined the action on November 13, 2015, when a third amended complaint was filed. Although each plaintiff alleges that they were sexually assaulted by Defendant several decades ago, their present claims are for defamation, invasion of privacy and intentional infliction of emotional distress. Specifically, Plaintiffs allege that in 2014 when they publically accused Defendant of sexually assaulting them many years prior, Defendant directed his representatives to make six statements denying the allegations. These denials, which Plaintiffs complain painted them as "liars," is the basis of their claims. (*See, e.g.*, Dkt. No. 109, TAC ¶ 32).

**Mrs. Cosby's Relationship with Defendant.** Mrs. Cosby is not a party to this litigation. Her only connection to it is her relationship with Defendant. Mrs. Cosby married Defendant on January 25, 1964, when she was 19 years old, and has remained married to Defendant ever since. However, Plaintiffs have made no allegations regarding Mrs. Cosby in this action. Mrs. Cosby is not alleged to have been present or have knowledge of any purported sexual assault of any

Plaintiff, nor was Mrs. Cosby alleged to have made any defamatory statements on behalf of Defendant.

**Deposition Subpoena to Mrs. Cosby.** On December 9, 2015, defense counsel agreed to accept service from Plaintiffs of a subpoena for the taking of Mrs. Cosby's deposition on January 6, 2016. *See* Exhibit A; *see also* Exhibit B. Prior to serving the subpoena, however, Plaintiffs had already announced to the press that the deposition was scheduled and would go forward on that date. (*See* "Bill Cosby's Wife Camille to Give Deposition in Defamation Case," ET News Online, dated December 3, 2015, http://www.etonline.com/news/177322_bill_cosby_wife_scheduled_to_give_a_deposition/).

**The Discussions Over the Subpoena.** On December 9 and 14 2015, defense counsel met and conferred with Plaintiffs' counsel. During the conferences, Plaintiffs' counsel stated that he would not divulge his litigation strategy, but stated that he believed Mrs. Cosby's testimony was relevant because she acted as Defendant's business manager and because Mrs. Cosby had issued a public statement on her husband's behalf. Plaintiffs' counsel acknowledged that Mrs. Cosby would be disqualified from testifying about confidential communications with her husband pursuant to controlling Massachusetts' law, but suggested that counsel could object and instruct not to answer on any issues covered by privilege or marital disqualification.

Having reached an impasse in the discussions, Mrs. Cosby brings the present motion to quash.

**ARGUMENT**

I.  **THE COURT SHOULD QUASH THE SUBPOENA TO MRS. COSBY BECAUSE SHE DOES NOT HAVE RELEVANT INFORMATION TO THIS SUIT THAT WOULD NOT BE SUBJECT TO THE MARITAL DISQUALIFICATION.**

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), "the court for the district where compliance is required must quash or modify a subpoena" that "requires disclosure of privileged

3

or other protected matter" or "subjects a person to undue burden."  Under both prongs of this Rule, the subpoena to Mrs. Cosby should be quashed.

### A. Mrs. Cosby's Testimony Is Barred By Marital Disqualification.

Here, Mrs. Cosby's knowledge of the facts and allegations at issue in this case are derived from her confidential marital communications with Defendant; thus they are protected under Massachusetts law.  Although this action has been brought in Federal Court, because Massachusetts "[s]tate law supplies the rule of decision, the privilege of a witness [] shall be determined in accordance with State law." *See* Fed. R. Evid. 501.  Similar to federal law, Massachusetts law protects and promotes marital communications in two ways: spousal privilege, applicable in criminal actions only, and spousal disqualification, applicable in both criminal and civil actions.  Spousal disqualification requires that "a witness shall not testify as to private conversations with a spouse occurring during their marriage." M.G.L. c. 233 sec. 20(b)(1).  The disqualification renders the testimony inadmissible even if the spouses want to testify concerning their private conversations. 14B Mass. Prac. § 10.92.

"The rule is one of disqualification and not of privilege [. . .] the spouses are *incompetent* to testify."   *Com. v. Azar*, 32 Mass. App. Ct. 290, 304, 588 N.E.2d 1352, 1361 (1992) (emphasis added); *see also Gallagher v. Goldstein*, 402 Mass. 457, 460, 524 N.E.2d 53, 55 (1988) ("We have consistently ruled that the statute renders spouses incompetent to testify as to the contents of their private conversations with their marital partners.").  Because this rule is one of disqualification, the "contents of such private conversations are not admissible even when both husband and wife wish them to be.  That is, the disqualification is a testimonial incompetency." 14B Mass. Prac., Summary Of Basic Law § 10.30 (4th ed.).

Mrs. Cosby is not a party to this action, at no time was alleged to have witnessed any event at issue in the TAC, and any knowledge she may have about the allegations of the TAC

4

would have come through Defendant. Any information or knowledge that Mrs. Cosby has as a result of confidential communications with Defendant is inadmissible, and Mrs. Cosby is incompetent to testify thereon. *Azar*, 32 Mass. App. Ct. at 304. Plaintiffs will obtain nothing of additional relevance or value by forcing Mrs. Cosby to testify.

### B. The Evidentiary Benefit to Plaintiffs Does Not Outweigh the Burden of Forcing Mrs. Cosby to Testify.

Rule 45(d)(1) of the Federal Rules of Civil Procedure requires a party who serves a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). When a party fails to take such reasonable steps, Rule 45(d)(3)(A) requires the Court to quash or modify a subpoena that subjects a person to an undue burden. This is particularly true where discovery is directed at a non-party. Although discovery can be sought from non-parties, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998) (emphasizing the special protection provided to non-parties subpoenaed in that they "are strangers to the . . . litigation; insofar as the record reflects, they have no dog in that fight. Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modem civil litigation. Non-parties have a different set of expectations.")); *see also Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 42 (1st Cir. 2003) (upholding a district court order quashing a subpoena on a non-party to an underlying litigation where there was an imbalance between the need for the subpoena and the burden sought to be placed on the non-party).

Here, even if Mrs. Cosby had admissible information to provide, the value of that information would be outweighed by the strong public interest in encouraging the protection of

5

marital communications. "The basis of the immunity given to communications between husband and wife is the protection of marital confidences, regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of the justice which the privilege entails." *Wolfle v. United States,* 291 U.S. 7, 14 (1934); *see also Commonwealth v. Perl*, 50 Mass. App. Ct. 445, 453, 737 N.E.2d 937, 944 (2000) (upholding exclusion of private marital conversations which would have been cumulative of other evidence over defendant's objections that doing so violated his constitutional rights).

### 1.     Mrs. Cosby's Role As Business Manager Does Not Provide Her With Information Relevant To This Lawsuit.

Plaintiffs concede that Mrs. Cosby has no first-hand, non-repetitive knowledge of facts bearing on the causes of action in this matter. Nonetheless, Plaintiffs urge that they should be allowed to take Mrs. Cosby's deposition because she has acted as Defendant's business manager. But, being Defendant's business manager does not provide any insight or information on Plaintiffs' defamation claims. She does not have any information about the accuracy of Plaintiffs' underlying accusations of sexual assault, and any information she has about any spokespersons' denial of those claims would come from marital communications with Defendant.

Similarly, Mrs. Cosby's business dealings have no bearing on any damages Plaintiffs' claim to have suffered. To the extent those dealings provide insight into Defendant's damages from the false accusations that have been leveled against him by Plaintiffs, Defendant does not intend to rely on any testimony from Mrs. Cosby on that subject.

### 2. Mrs. Cosby's Public Statement of Support Also Does Not Justify Her Deposition.

Plaintiffs also urge that Mrs. Cosby should be required to testify because she made a public statement in support of her husband on December 15, 2014. That statement was as follows:

> *I met my husband, Bill Cosby, in 1963, and we were married in 1964. The man I met, and fell in love with, and whom I continue to love, is the man you all knew through his work. He is a kind man, a generous man, a funny man, and a wonderful husband, father and friend. He is the man you thought you knew.*
>
> *A different man has been portrayed in the media over the last two months. It is the portrait of a man I do not know. It is also a portrait painted by individuals and organizations whom many in the media have given a pass. There appears to be no vetting of my husband's accusers before stories are published or aired. An accusation is published, and immediately goes viral.*
>
> *We all followed the story of the article in the "Rolling Stone" concerning allegations of rape at the University of Virginia. The story was heart-breaking, but ultimately appears to be proved to be untrue. Many in the media were quick to link that story to stories about my husband - until that story unwound.*
>
> *None of us will ever want to be in the position of attacking a victim. But the question should be asked - who is the victim?*

Camille Cosby's statement on Assault Accusations, dated December 15, 2014, http://bigstory.ap.org/article/95effedee7ce41e28b5f51f0e589115f/camille-cosbys-statement-assault-accusations.

However, nothing in the statement claims to have any special insight into the claims at issue before this Court. Importantly, nothing in the statement discusses or even mentions any confidential communications between Mrs. Cosby and Defendant. Accordingly, nothing in Mrs. Cosby's statement could be considered a waiver of the marital disqualification. 14B Mass. Prac. § 10.92.

7

### 3. Instructions Not To Answer Are Not Sufficient Protection To Justify That The Deposition Of Mrs. Cosby Go Forward.

In light of the sheer lack of information that can be gleaned from the deposition, the deposition subpoena to Mrs. Cosby should be recognized for what it is--nothing more than a thinly veiled attempt to pressure Defendant in the face of subjecting his wife to the shame and embarrassment of responding to questions about his alleged infidelities and sexual misconduct. Nonetheless, Plaintiffs have suggested that, because her counsel can issue instructions not to answer, Mrs. Cosby should be allowed to testify to those "facts" that she knows outside of her confidential communications with Defendant. The First Circuit Court has recognized, however, that drawing this distinction is not straightforward. *See, e.g., United States v. Rakes*, 136 F.3d 1, 3-4 (1st Cir. 1998). And, it will certainly will not be so in any deposition of Mrs. Cosby. As to any questions not objected to outright – presumably almost none, which makes preparing for this deposition a burden in its own right – Mrs. Cosby will be forced to parse over fifty years of conversations with her husband into protected communication versus underlying fact, if such parsing is even possible. She will risk potentially waiving the protection of her marital communications with each question she attempts to answer. Even with the assistance of objections from her counsel, this is an incredible burden to place on a third party witness. *Cusumano,* 162 F.3d at 717.

There is simply no reason to subject Mrs. Cosby to the harassment of questions regarding the allegations against her husband, where there is no allegation that she has any knowledge thereof, where her testimony is largely inadmissible, and obtaining any small amount of admissible testimony would subject her to an unfair burden and extreme embarrassment. There is no basis in law or fact to require the deposition of Mrs. Cosby.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A PROTECTIVE ORDER LIMITING THE SCOPE OF THE TESTIMONY SOUGHT.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), the court is authorized to limit the scope of discovery "for good cause" where, "the burden, expense, or intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(c)(1); *see also Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993). "The text of Rule 26(c) is construed liberally to include a wide range of potential harms not explicitly listed." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D., 70, 73 (D.Conn. 2010) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.")). Great deference is shown to the district judge in framing and administering such orders. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir. 1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

To obtain a protective order, the moving party must demonstrate that "good cause" exists for such a measure. *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005). However, "Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. . . . [T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *United States v. Microsoft Corp.,* 165 F.3d 952, 959–60 (D.C.Cir. 1999); *see also Guan Ming Lin v. Benihana Nat. Corp.,* 2010 WL 4007282, *2 (S.D.N.Y. Oct. 5 2010) (finding good cause existed where the deposition sought would "work a measurable disruption . . . while adding no apparent value to the plaintiff's discovery").

In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced. *Gill*, 399 F.3d at 402; s*ee also Rhinehart,*

9

467 U.S. at 35 n. 21 (1984) ("Although . . . Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."); *Ellison v. Am. Nat'l Red Cross,* 151 F.R.D. 8, 11 (D.N.H. 1993) (balancing public interest in protecting the nation's blood supply against litigant's interest in discovering the identity of blood donors).

As described throughout, the deposition of Mrs. Cosby will be an exercise in futility if allowed to go forward. Mrs. Cosby's counsel will likely object to the majority of questions as seeking privileged or protected information. If they do not object, and Mrs. Cosby responds, she risks waiving the protection of her spousal communications. Massachusetts has recognized a strong public interest in supporting marriage by protecting confidential marital communications and there is simply no reason to challenge that here. More importantly, there is little benefit to Plaintiffs in subjecting Mrs. Cosby to questions regarding her husband's alleged infidelities when her knowledge of and her competency to testify thereon is limited. If this Court does not quash the subpoena to Mrs. Cosby, it should nonetheless protect Mrs. Cosby from unnecessary harassment by limiting the scope of her subpoena. Plaintiffs have provided no listing of topics with regard thereto, and it can only be assumed that the deposition of Mrs. Cosby will be completely open-ended without a protective order.

## CONCLUSION

Because Massachusetts law disqualifies testimony of a spouse as to confidential marital communications, and because deposing Mrs. Cosby would subject her to an undue burdened to obtain what little information she is competent to testify upon, this Court should quash Plaintiffs' Deposition Subpoena of Camille Cosby. In the alternative, the Court should provide limitations

on Plaintiffs' open-ended subpoena to limit the deposition to those areas not subject to spousal disqualification or topics calculated to subject Mrs. Cosby to harassment or embarrassment.

Dated:  December 18, 2015                    Respectfully submitted,

By: *s/John J. Egan*
Christopher Tayback
Marshall M. Searcy III
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443 3000

Monique Pressley (*Pro Hac Vice Pending*)
THE PRESSLEY FIRM, PLLC
1629 K Street NW, Suite 300
Washington, DC 20036
Phone: (202) 973-0181

John J. Egan
EGAN, FLANAGAN & COHEN, PC
67 Market Street
PO Box 9035
Springfield, MA 01102-9035
413-737-0260

*Attorneys for Camille Cosby*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2015, I caused the foregoing document, along with the corresponding brief in support and exhibits, to be electronically filed using the CM/ECF, which will automatically transmit Notice of Electronic Filing to all attorneys of record, as follows:

**Joseph Cammarata**
**Matthew W. Tievsky**
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Andrew M. Abraham**
Abraham & Associates, P.C.
2 Center Plaza, Suite 620
Boston, MA 02108

**Ira Sherman**
The Law Building
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Alexandra B. Schmit**
**Michael A. Bressler**
The Bressler Firm LLC
Suite 1800
180 N. Michigan Avenue
Chicago, IL 60601

*s/John J. Egan*
John J. Egan