## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**TAMARA GREEN, THERESE
SERIGNESE, LINDA TRAITZ,
LOUISA MORITZ, BARBARA
BOWMAN, JOAN TARSHIS, and
ANGELA LESLIE,**

      **Plaintiffs,**

      v.                                    CIVIL ACTION
                                             NO. 14-30211-MGM

**WILLIAM H. COSBY, JR.,**

      **Defendant**.

### <u>ORDER</u>

**December 23, 2015**

**Hennessy, M.J.**

      Currently pending before the court is plaintiffs' motion to expedite briefing (Docket #

131) ("plaintiffs' motion") in connection with defendant's motion to quash Camille Cosby's

deposition subpoena, or in the alternative, for a protective order (Docket # 127) ("defendant's

motion").  Plaintiffs' motion asks this court to impose a deadline of December 23, 2015 for

defendant to file a reply to plaintiffs' opposition to defendant's motion.  <u>See</u> <u>generally</u> Docket #

131.  Plaintiffs filed their opposition on December 21, 2015, <u>see</u> Docket # 130; as such, plaintiffs

have requested that defendant be allotted two days to file his reply papers.[1]

      I decline to grant such relief.  First, notwithstanding plaintiffs' attempt to cast defendant's

recent actions as a manipulation of the discovery schedule, there is no actual impropriety in the

filing of defendant's motion, since the December 1, 2015 Scheduling Order provides that

---

[1] This court's December 1, 2015 Scheduling Order states that "[w]ithout first seeking leave of the court, the parties may submit reply memoranda to any opposition to a motion."  It does not provide a deadline for reply papers.  <u>See</u> Docket # 118.

motions for a protective order or motions to quash must be filed by the close of fact discovery, which is more than seven months away.  <u>See</u> Docket # 118 at p. 3.  To the contrary, while the merits of defendant's motion remain to be determined, that submission proceeds within reasonable bounds; plaintiffs' motion, which seeks to impose a two-day turnaround for reply papers, does not.  Plaintiffs' purported justifications for this relief—*e.g.* asserting that if plaintiffs can write a thirteen-page opposition in one day, then defendant can write a five-page reply in two days; the unilateral determination that there is "little more" for defendant to say on reply; and plaintiffs' counsel's forthcoming "extremely crowded" schedule—do not convince me otherwise.  To the extent defendant wishes to file a reply to plaintiffs' opposition, he shall do so by the close of business on December 30, 2015.

## <u>CONCLUSION</u>

For the reasons set forth herein, plaintiffs' motion (Docket # 131) is denied in its entirety.

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge
