# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| TAMARA GREEN et al.,<br><br>　　　　Plaintiffs/Counterclaim<br>　　　　Defendants,<br><br>　v.<br><br>WILLIAM H. COSBY, JR.,<br><br>　　　　Defendant/Counterclaim<br>　　　　Plaintiff. | Case No.: 3:14-cv-30211-MGM |

**CAMILLE COSBY'S REPLY TO PLAINTIFFS' OPPOSITION TO HER MOTION TO QUASH HER DEPOSITION SUBPOENA, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

In their opposition, Plaintiffs tell this Court that the Massachusetts Marital Disqualification rule ("Disqualification Rule")[1] does not really apply to deposition testimony. Plaintiffs do not cite any Massachusetts case or statute for this assertion. Nor could they—statute and case law make clear that spouses are disqualified as witnesses from testifying about private conversations with each other, and this disqualification is intended to be broader than the common law spousal privilege.

Plaintiffs speculate that there might be areas outside of marital conversations that Mrs. Cosby could be asked about. But Plaintiffs fail to show that the speculative relevance of any of their proposed areas of inquiry outweigh the burden Plaintiffs would impose on Mrs. Cosby. Accordingly, pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv), the Court should quash the deposition notice to Mrs. Cosby, or, in the alternative, issue a protective order staying Mrs. Cosby's deposition until the parties and Defendant's spokespeople have been deposed.

I.      **The Disqualification Rule Prohibits All Testimony Subject to The Rule.**

Ignoring the applicable Massachusetts statutory and case law, Plaintiffs assert that the Disqualification Rule only limits Mrs. Cosby's ability to provide testimony "at trial." *See* Dkt. 130 at 8.[2] In support of their assertion, Plaintiffs do not cite to any Massachusetts law; instead, they reason that the Federal Rules require a witness to testify about matters at a deposition for which he or she is "incompetent" to testify. *See id.* But, the Disqualification Rule does not contain any such limitation. To the contrary, the Disqualification Rule broadly prohibits all

---

[1] The Disqualification Rule prohibits Mrs. Cosby from providing testimony regarding her private conversations with Mr. Cosby, even if the information sought might be potentially relevant to the case *See* Mass. Gen. Laws Ann. ch. 233, § 20 ("Section 20"). There are enumerated-exception to the Disqualification Rule, none are relevant in this case. *See* Section 20, First clause.

[2] Plaintiffs' citation to *Three Juveniles v. Commonwealth*, 455 N.E. 2d 1203, 1206 (Mass. 1983) for the proposition that the Disqualification Rule does not prohibit Mrs. Cosby from providing deposition testimony is also misplaced. *See* Dkt. 130 at 9. Indeed, *Three Juveniles*, which has been superseded by statute, concerned the court's refusal to recognize a testimonial privilege that would protect unemancipated minor children from being compelled by the State to appear and testify against their parents. The case has no application here.

testimony subject to the rule; the rule does not distinguish between testimony in deposition and testimony at "trial."  *See* Section 20, First clause ("[N]either husband nor wife shall testify as to private conversations with the other."); *c.f.* Section 20, Second clause ([N]either husband nor wife shall be compelled to testify *in the trial of an indictment, complaint or other criminal proceeding against the other.*") (emphasis added); *see also, e.g., Miller v. Miller*, 448 Mass. 320, 326 (2007) ("neither husband nor wife shall testify as to private conversations with the other") (citation omitted); *Kaye v. Newhall*, 356 Mass. 300, 304 (1969) (same).

As such, on its face, Section 20 does not permit any testimony subject to Disqualification Rule. *Id.*; *see also Gallagher v. Goldstein*, 402 Mass. 457, 460-61 (1988) ("The language of [Section 20] is not to be enlarged or limited by construction unless its object and plain meaning require it.").  That the restriction is a matter of competence, rather than privilege, only means that the prohibition on marital testimony is *more* broad and *more* restrictive, rather than the less restrictive common law spousal privilege.  *See id.*[3]

## II. This Court Should Quash Mrs. Cosby's Deposition Subpoena Because It Seeks Irrelevant Information While Imposing An Undue Burden.

Notwithstanding controlling Massachusetts law, Plaintiffs urge that they should be allowed to depose Mrs. Cosby because, they say, discovery is broad and Mrs. Cosby might have knowledge of relevant information that could fall outside of the Disqualification Rule.  Dkt. 130 at 3.  But, to the extent Plaintiffs even identify any potential areas of examination, they cannot justify the burden of the deposition they seek.

---

[3] Plaintiffs cite to *Gallagher* for the proposition that the Disqualification Rule has fallen in disfavor among courts.  Dkt. 130 at 9.  Plaintiffs omit, however, that the *Gallagher* court concedes that "the Legislature has enacted [Section 20] stating a clear and unambiguous preference for marital disqualification," and while the *Gallagher* court "would not hesitate to transform it from a rule of disqualification to one of privilege […], that decision is for the Legislature."  *See Gallagher*, 420 Mass. at 461.

2

Plaintiffs do not dispute that Mrs. Cosby is neither a party to this litigation nor "alleged to have been present or have knowledge of any purported sexual assault of any plaintiff." *See* Dkt. 128 at 6-7. Still, Plaintiffs argue that they should be allowed to ask Mrs. Cosby about her husband's sexual "proclivities," her input on any public statements made on her husband's behalf, and any drugs she may have ever procured. *See* Dkt. 130 at 5, 10, 12. But, Plaintiffs cannot show that Mrs. Cosby has any information about these topics that outweigh her protected rights to privacy. Mrs. Cosby's views on the truth or falsity of Plaintiff's allegations are of no moment—she was not present for any of the events alleged in Plaintiffs' complaint, and her second hand knowledge of events (if any) could only come from private communications with her husband. Further, even if Mrs. Cosby ever procured sedatives for her husband—which she never did, and there is no indication that she ever did—the relevant factual issues in this defamation case revolve around the accusations that Defendant secretly drugged some of the Plaintiffs, not where any drugs supposedly came from. And, Mrs. Cosby's knowledge of her husband's "proclivities" are not just irrelevant, they are precisely the type of intimate information that both Massachusetts and Federal law protects. *See Doe v. Tencza*, 2012 WL 3265023, at *3 (D. Conn. Aug. 9, 2012) (regarding right to privacy over sexual relations); *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 66 (2d Cir. 2011) (regarding right to privacy over medical records).

Indeed, here, Plaintiffs have shown every intention of violating Mrs. Cosby's rights of privacy. Plaintiffs' attorneys' communications with the press announcing the noticing of Mrs. Cosby's deposition, even before the deposition notice was actually served, makes clear that they intend to publicize every lurid detail of every question they intend to ask Mrs. Cosby. Likewise, Plaintiffs seek information Mrs. Cosby obtained as "both Mr. Cosby's wife, **and** Mr. Cosby's

3

business manager." Dkt. 130 at 5-7 (emphasis in original). However, Plaintiffs do not show what Mrs. Cosby's dual role has to do with any of their own claims, and Defendant has no intention of calling Mrs. Cosby as a witness for his own counterclaims. Moreover, the Disqualification Rule prohibits testimony regarding business conversations between spouses, even when they are not confidential in nature. *See Anderson v. Barrera*, 1997 WL 106713, at *2 (Mass. Super. Feb. 26, 1997) (citing *Commonwealth v. Hayes*, 145 Mass. 289, 293, 14 N.E. 151 (1887) (the disqualification is not confined to conversations upon subjects which are confidential in their nature, and it includes conversations between them relating to business done by one as agent of the other)). The rule applies here because, by Plaintiffs' own admission, Mrs. Cosby's knowledge regarding her husband's affairs are derived from her role as Mr. Cosby's wife *and* business manager. *See* Dkt. 130 at 5-7.

Nonetheless, Plaintiffs tell this Court they should be allowed to proceed with Mrs. Cosby's deposition if there is a "possibility it might be relevant" (dkt. 130 at 3), and because, they say, no case has quashed a deposition on relevance or inadmissibility grounds. *Id*. at 3. To the contrary, in *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001), the First Circuit agreed that depositions of non-party witnesses should be quashed because of the undue burden they created. *See* 244 F.3d at 193. In *Ameristar*, a party sought to take the depositions of three non-party witnesses with a hope to reveal additional or "contradictory testimony." *See* 244 F.3d 193. The party, however, did not produce any evidence that it would receive "contradictory testimony" if the depositions were permitted, nor did the party show that the information sought from the non-party witnesses would be "anything but cumulative or duplicate." *Id.* Accordingly, the First Circuit affirmed the decision to quash the deposition subpoenas, holding that "it would be an 'undue burden' on [], a non-party, to permit

4

such a 'fishing expedition.'" *Id.* (citing *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989) (holding that a party may not "undertake wholly exploratory operations in the vague hope that something helpful will turn up.").

Here, Plaintiffs have not presented any evidence that they will receive any additional or "contradictory testimony" from Mrs. Cosby, nor have they shown that the information sought would be anything but potentially cumulative or duplicative from the information they may obtain from Mr. Cosby or other witnesses. Plaintiffs insistence on deposing Mrs. Cosby does not just appear to be a "fishing expedition," (*see id.*), but in light of Plaintiffs' continued and calculated press releases, appears to use discovery tools as a means to litigate this case in the media. Thus, this Court should quash Mrs. Cosby's deposition subpoena, pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv), to prevent Plaintiffs from impinging on Mr. Cosby's substantive and statutory rights by obtaining information regarding protected matters, for which no exception nor waiver applies, though Mrs. Cosby's deposition.

### III.     In The Alternative, This Court Should Enter A Protective Order Staying Mrs. Cosby's Deposition.

Alternatively, good cause exists to enter a protective order staying Mrs. Cosby's deposition. Any permissible testimony Plaintiffs currently seek from Mrs. Cosby is cumulative, may be obtained from other, more direct sources (*e.g.*, the parties and the alleged spokespeople directly), and subjects Mrs. Cosby to undue burden. *See Ameristar*, 244 F.3d at 193. Accordingly, this Court should stay Mrs. Cosby's deposition until at least until the parties and Defendant's purported spokespeople have been deposed. Staying the deposition will allow this Court to balance Mrs. Cosby's interests against any evidence Plaintiffs' may then show that her deposition testimony will reveal information that is both relevant and not subject to protection from discovery by Massachusetts law.

5

Dated:  December 30, 2015                              Respectfully submitted,


                                                By: */s/ Marshall M. Searcy III*
Christopher Tayback
Marshall M. Searcy III
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443 3000

Monique Pressley
THE PRESSLEY FIRM, PLLC
1629 K Street NW, Suite 300
Washington, DC 20036
Phone: (202) 973-0181

John J. Egan
EGAN, FLANAGAN & COHEN, PC
67 Market Street
PO Box 9035
Springfield, MA 01102-9035
413-737-0260

*Attorneys for William H. Cosby, Jr.*

**CERTIFICATE OF SERVICE**

     I hereby certify that, on December 30, 2015, I caused the foregoing document to be electronically filed using the CM/ECF, which will automatically transmit Notice of Electronic Filing to all attorneys of record, as follows:

**Joseph Cammarata**
**Matthew W. Tievsky**
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Andrew M. Abraham**
Abraham & Associates, P.C.
2 Center Plaza, Suite 620
Boston, MA 02108

**Ira Sherman**
The Law Building
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Alexandra B. Schmit**
**Michael A. Bressler**
The Bressler Firm LLC
Suite 1800
180 N. Michigan Avenue
Chicago, IL 60601

                                                         */s/ Marshall M. Searcy III*
                                                            Marshall M. Searcy III