UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITZ, LOUISA MORITZ, BARBARA BOWMAN, JOAN TARSHIS, and ANGELA LESLIE,**

   **Plaintiffs,**

  v.

**WILLIAM H. COSBY, JR.,**

   **Defendant**.

CIVIL ACTION
NO. 14-30211-MGM

## ORDER

### January 5, 2016

**Hennessy, M.J.**

  Pending before the court is non-party Camille Cosby's ("Mrs. Cosby") emergency motion for a stay (Docket # 151) of her deposition, which is currently scheduled for January 6, 2016. For the reasons set forth below, Mrs. Cosby's motion is allowed.

  Procedural History[1]

  On or around December 9, 2015, Mrs. Cosby, wife of defendant William H. Cosby, Jr., was subpoenaed to testify at a deposition on January 6, 2016 in connection with this matter. See Docket # 128-2. On December 18, 2015, Mrs. Cosby submitted a motion seeking to quash her deposition subpoena, or in the alternative, for a protective order. See Docket # 127. By Order dated December 31, 2015 (the "December 31, 2015 Order"), this court denied Mrs. Cosby's motion in its entirety. See Docket # 146.

---

[1] Familiarity with this matter is assumed and only those facts necessary to the resolution of the instant motion will be recited here. A more detailed factual and procedural history may be found in this court's December 31, 2015 Order (see Docket # 146).

Mrs. Cosby filed the instant motion on January 4, 2016, and plaintiffs submitted an opposition on January 5, 2016. In her brief, Mrs. Cosby states that on December 31, 2015, her counsel advised plaintiffs' counsel of her intent to file an appeal to the District Court of the December 31, 2015 Order. See Docket # 152-1. Mrs. Cosby sought to have her deposition postponed and rescheduled for the third week in January in the event her appeal is denied. See id. By email dated January 1, 2016, plaintiffs' counsel refused to stay the deposition, see id., resulting in Mrs. Cosby filing the instant "emergency motion to stay her deposition so that the District Court may have a full opportunity to review the Magistrate's order, pursuant to Fed. R. Civ. P. 72(a)."[2]

Discussion

Fed. R. Civ. P. 72(a) provides that upon a magistrate's decision on a nondispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy," whereupon "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Further,

> [w]hen it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for a deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the Court acts on the motion to quash and/or the motion for a protective order. If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or for a protective order . . . .

Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988). Mrs. Cosby adhered to this procedure, see Docket # 152-1, and as such is entitled to pursue the relief sought herein.

---

[2] In their opposition, plaintiffs do not dispute this chronology.

A district court considering a motion for a stay pending an appeal "must weigh four factors: 1) likelihood that the stay applicant will succeed on the merits, 2) irreparable injury in the event the stay is denied, 3) substantial injury to the nonmoving parties if the stay is granted and 4) the public interest." Ecker v. United States, No. 01 Civ. 11310, 2008 WL 7542252, at *3 (D. Mass. July 24, 2008) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)), clarified on denial of reconsideration, No. 01 Civ. 11310, 2008 WL 7542253 (D. Mass. Aug. 14, 2008). The court enjoys the "'inherent discretionary authority to stay cases' to manage its docket in the interest of justice and efficiency." Digital Equip. Corp. v. Currie Enterprises, 142 F.R.D. 8, 11 (D. Mass. 1991) (quoting Arden Way Assoc. v. Boesky, 660 F.Supp. 1494, 1496 (S.D.N.Y.1987) and citing cases) (emphasis removed); see also Canatelo, LLC v. Avigilon Corp., No. 12 Civ. 1431, 2014 WL 2533407, at *1 (D.P.R. June 5, 2014) ("At bottom, courts have discretion to decide which factors to consider and how to weigh those factors so as to maintain control over its own docket.") (citing Landis v. N. am. Co., 299 U.S. 248, 254 (1936)).

Under the present circumstances, the second factor listed in Ecker—irreparable injury in the event the stay is denied—weighs heaviest. Because of the nature of the relief currently being sought, a denial of Mrs. Cosby's motion would amount to a denial of her right to appeal the December 31, 2015 Order. It would not serve (and in fact would offend) the "interest of justice" for this court to deny the motion for a stay, and thereby effectively deny Mrs. Cosby any right to appeal. See Digital Equip. Corp., 142 F.R.D. at 11.[3] In fairness, then, Mrs. Cosby's deposition

---

[3] In their opposition, plaintiffs argue (1) against the merits of Mrs. Cosby's appeal; (2) that Mrs. Cosby's motion is rendered moot by this court's January 4, 2016 Order imposing a temporary seal upon all discovery pending disposition of defendant's motion for a protective order and proposed confidentiality agreement, see Docket # 153; and (3) that "postponing [Mrs. Cosby's] deposition would prejudice Plaintiffs and impose significant inconvenience and expense upon them." See generally Docket # 154. Under normal circumstances these considerations might, to varying degrees, cut against Mrs. Cosby's position. But for the reasons discussed above, the present circumstances are atypical, and none of plaintiffs' arguments suffices to countervail the irreparable injury that would result from denying Mrs.

shall be stayed pending her appeal of the December 31, 2015 Order and the District Court's resolution of same. In the event Mrs. Cosby's appeal is denied, the parties are directed to reschedule her deposition as soon as practicable.

## **CONCLUSION**

For the reasons set forth herein, Mrs. Cosby's emergency motion to stay her deposition (Docket # 151) is ALLOWED.

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge

---

Cosby's motion.