UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **TAMARA GREEN** *et al.*,<br><br>      **Plaintiffs/Counterclaim Defendants,**<br><br>        **v.**<br><br>**WILLIAM H. COSBY, JR.,**<br><br>      **Defendant/Counterclaim Plaintiff.** | **Case No.: 3:14-cv-30211-MGM** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STAY THIS
ACTION DURING THE PENDENCY OF HIS CRIMINAL SUIT**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND.......................................................................................................2

ARGUMENT ..............................................................................................................................5

I.      ALL RELEVANT FACTORS SUPPORT GRANTING A STAY OF THIS CASE..........5

      A.      A Stay Will Not Cause Plaintiffs Any "Unique Injury" .........................................6

      B.      Defendant Will Suffer Significant Prejudice Without A Stay .................................7

      C.      A Stay Will Not Inconvenience The Court Because This Case Is In The
            Early Stages Of Discovery......................................................................................10

      D.      Third Party And Public Interests Will Not Be Harmed By A Stay .......................11

      E.      The Defendant's Motion Is Made In Good Faith....................................................12

II.     THE SIMILARITY OF THE ALLEGATIONS OF DEFENDANT'S CIVIL AND
       CRIMINAL SUITS SUPPORTS GRANTING A STAY OF THIS CASE .....................12

CONCLUSION.........................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Baxter v. Palmigiano*,
    425 U.S. 308 (1976)............................................................................................9

*Bridgeport Harbour Place I, LLC v. Ganim*,
    269 F. Supp. 2d 6 (D. Conn. 2002)...........................................................5, 6, 8, 12

*Brock v. Tolkow*,
    109 F.R.D. 116 (E.D.N.Y. 1985) ..........................................................................11

*Com. v. Lockcuff*,
    813 A.2d 857 (2002) ..............................................................................................13

*In re Derivative Litig.*,
    No. 06-cv-02964, 2007 WL 1101276 (E.D. Pa. Apr. 11, 2007)............................6

*Doe v. Sipper*,
    869 F. Supp. 2d 113 (D.D.C. 2012) ..........................................................6, 8, 9, 10

*Estate of Gaither ex rel. Gaither v. Dist. of Columbia*,
    2005 WL 3272130 (D.D.C. Dec. 2, 2005)............................................................11

*In re Ivan F. Boesky Sec. Litig.*,
    128 F.R.D. 47 (S.D.N.Y. 1989) ............................................................................12

*Javier H. v. Garcia-Botello*,
    218 F.R.D. 72 (W.D.N.Y. 2003)...........................................................................12

*Jews for Jesus, Inc. v. Rapp*,
    997 So. 2d  1098 (Fla. 2008).................................................................................12

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)................................................................................................5

*Marquis v. FDIC*,
    965 F.2d 1148 (1st Cir. 1992) .................................................................................5

*Microfinancial, Inc. v. Premier Holidays Intern., Inc.*,
    385 F.3d 72 (1st Cir. 2004).................................................................5, 10, 12, 13

*Nat'l Ass'n of Gov't Employees v. Mulligan*,
    849 F. Supp. 2d 167 (D. Mass. 2012) ....................................................................8

*In re Par Pharmaceutical, Inc.*,
    133 F.R.D. 12 (S.D.N.Y. 1990) .............................................................................7

*S.E.C. v. K2 Unlimited, Inc.*, 15 F. Supp. 3d 158, 160 (D. Mass. 2014) ........................6

*S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014) ................................................5

*Taus v. Loftus*,
   151 P.3d 1185 (Cal. 2007) ....................................................................................................13

*TelexFree, Inc.*, 52 F. Supp. 3d at 352 ...............................................................................6, 10, 11

*Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*,
   886 F. Supp. 1134 (S.D.N.Y. 1995) .............................................................................6, 7, 9

*Tucker v. New York Police Dep't*,
   No. 08-c 2010 WL 703189 (D. N.J. Feb. 23, 2010), *aff'd in part*,
   408 Fed. App'x 513 (3d Cir. 2010) ........................................................................................6

*United States Trust Co. of New York v. Herriot et al.*,
   10 Mass. App. Ct. 313 (1980) .................................................................................................7

*United States v. Kordel*,
   397 U.S. 1 (1970) ....................................................................................................................5

*Volmar Distributors v. New York Post Co.*,
   152 F.R.D. 36 (S.D.N.Y. 1993) .......................................................................................8, 11

*Wehling v. Columbia Broad. Sys.*,
   608 F.2d 1084 (5th Cir. 1979) ................................................................................................8

*In re Worldcom, Inc. Sec. Litig.*,
   No. 02 CIV. 3288, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002) ................................6, 9, 10

*Zavatsky v. O'Brien*,
   902 F. Supp. 2d 135 (D. Mass. 2012) ..................................................................................7, 11

## **Rules**

Pa. R. Evid. 404 ........................................................................................................................4, 13

Pa. R. Evid. 404(b) .........................................................................................................................13

## PRELIMINARY STATEMENT

On December 30, 2015, Defendant William H. Cosby, Jr. ("Defendant") was indicted in a criminal suit in Montgomery County, Pennsylvania.  The District Attorney of Montgomery County has pursued his charges at the eleventh hour, years after an initial investigation in 2005 determined that no charges should be filed.  The state's case relies on Defendant's previously sealed testimony, given by Defendant in a civil case that was made public—demonstrating the direct impact that civil litigation can have on criminal matters.  And it is precisely for such reason, *i.e.*, the preservation of Defendant's right against self-incrimination, that this civil action should be stayed during the pendency of Defendant's criminal case.

The First Circuit has set forth seven factors for courts to consider in granting a stay, including interest of the plaintiff, burden on the defendant, the convenience of the court, third party interests, the public interest, whether the motion is brought in good faith, and the status of the case.  All of these factors weigh in favor of granting a stay.

The marginal additional delay of a stay of this case will no more prejudice Plaintiffs than the intervening decades that have passed since the underlying acts of sexual assault allegedly occurred.  Moreover, any interest Plaintiffs may have in the expeditious resolution of their case is trumped by Defendant's significant Fifth Amendment concerns.  If the instant case is not stayed pending resolution of the criminal case against him, Defendant will likely repeatedly face the quandary of having to either: (1) invoke his constitutional privilege during civil discovery—which would not only prevent him from adequately defending his position, but which may subject him to an adverse inference from his refusal to testify; or (2) waive his Fifth Amendment privilege, and having any evidence adduced in the civil case be then used against him in the criminal trial.  Defendant's interest in avoiding such an unfair choice heavily favors a stay, particularly since he has already been indicted and the criminal case is continuing forward.

The interests of the Court, third parties, and the public also weigh in favor of a stay. Given the early stage of this litigation, discovery and testimony brought forward in Defendant's criminal case could be used to streamline this case. Moreover, there is a public interest in the unimpeded pursuit of criminal actions, which may be implicated if Defendant is forced to litigate a civil matter in another state at the same time.

### FACTUAL BACKGROUND

On December 10, 2014, Plaintiff Tamara Green, filed the present civil suit for defamation against Defendant, alleging that almost forty years ago, Defendant offered Green some over-the-counter medicine for a cold, and that after Ms. Green began to feel the effects of the medicine, Defendant committed non-consensual sexual acts with her. ECF No. 1.

Several decades later, in 2005, Ms. Green made these accusations public for the first time in an interview with the *Philadelphia Daily News*. *See* ECF No. 109 at 5. Defendant's publicist responded, denying Ms. Green's allegations. *See id.* at 5-6. Nine years later, in 2014, Ms. Green made similar statements to *Newsweek* and the *Washington Post*, among other publications. *See id.* at 6-10. Again, Defendant's attorney denied Ms. Green's accusations. *See id.* Ms. Green never filed any criminal charges against Defendant despite her statements to the press.

On April 16, 2015, Plaintiffs Therese Serignese and Linda Traitz joined this action via a Second Amended Complaint, and on November 13, 2015, Plaintiffs Louisa Moritz, Barbara Bowman, Joan Tarshis, and Angela Leslie joined this action via a Third Amended Complaint ("TAC"). *See* ECF Nos. 48, 109. Each additional Plaintiff also accuses Defendant of defamation related to Defendant's representatives' public denial that Defendant sexually assaulted them decades ago.

No Plaintiff to this action has ever sought to have a criminal complaint filed against Defendant, and the applicable statutes of limitations on all of the allegations of sexual assault

have long since passed.  Nevertheless, by filing these defamation claims in civil court, Plaintiffs

will necessarily be litigating the truth or falsity of the allegations that Defendant committed acts

of sexual assault against them, to determine the truth or falsity of the later public statements

made by Plaintiffs and Defendant's representatives related thereto.

In February of 2015, Defendant filed Motions to Dismiss the Plaintiffs' claims (EFC Nos.

21-23), and on October 9, 2015, the Court denied these motions.  ECF No. 89.  In response,

Plaintiffs' counsel asserted to the press that he would seek Defendant's deposition "at the earliest

opportunity."  Ex. 1.[1]  Defendant received a Notice of Deposition on December 1, 2015 setting

his deposition for Monday, February 22, 2016.  *See* Ex. 2.

On July 10, 2015, the District Attorney of Montgomery County, Pennsylvania reopened

an investigation into an alleged sexual assault committed against Ms. Andrea Constand ("Ms.

Constand") by Defendant in January or February of 2004.   Ex. 3 at 11.  Although an initial

police investigation led to no charges being filed, Ms. Constand sued Defendant in a civil action

in 2005.  *See id.* at 10.  Documents related to the civil action remained sealed until July of 2015

when portions of the deposition testimony given by Defendant therein were made public.  *See id.*

at 11.  Relying in large part on Defendant's statements in that civil action, which included

reference to his use of Quaaludes during sexual encounters with women, and admitting to giving

Ms. Constand pills to help her relax prior to having a sexual encounter with her, on December

30, 2015, Montgomery County District Attorney issued a criminal indictment against Defendant,

charging him with the aggravated indecent assault of Ms. Constand.  *See id.*

On January 11, 2016, Defendant brought a petition for habeas corpus and a Motion to

Disqualify the Montgomery County District Attorney's Office, requesting dismissal of all

---

[1]  All exhibits are attached to the Declaration of Marshall M. Searcy III in support of this
motion, filed concurrently herewith.

charges against him. Ex. 4. Defendant argued that the charges should be dismissed because, among other things, those charges violated an express agreement made by the Montgomery County District Attorney in 2005, in which the Commonwealth agreed that Mr. Cosby would never be prosecuted with respect to the allegations of sexual assault made by Ms. Constand. *Id.* at 4-9, 13-14. Defendant argued that this agreement was made for the express purpose of inducing Mr. Cosby to testify fully in Ms. Constand's civil litigation against him, and that Mr. Cosby testified in 2005 and again in 2006 without invocation of his Constitutional rights against self-incrimination in reliance on the non-prosecution agreement. *Id.* Defendant argued that the newly elected District Attorney repudiated the agreement and has based the criminal charges on the very testimony Mr. Cosby gave in the civil case in reliance on the Commonwealth's non-prosecution agreement. *See id.* at 9-10. As Defendant pointed out in his memorandum in support of the petition and motion, in the probable cause affidavit, the District Attorney used the very testimony Mr. Cosby provided in reliance on the non-prosecution agreement against him as a basis for the charges. *Id.* at 5-6.

Hearings on the habeas corpus petition and motion to disqualify were held on February 2 and 3, 2016. *See* Exs. 5-6. On February 4, 2016, the Pennsylvania court denied the petition and motion. Exs. 6-7. As part of allowing the criminal case to go forward, the court scheduled a preliminary hearing in the matter for March 8, 2016. Ex. 8. Defendant is therefore currently defending himself in both a criminal and a civil suit in which the claims and accusations substantially overlap. Although Plaintiffs herein are not specifically named as victims in the indictment of Defendant in Pennsylvania, under Pennsylvania Rules of Evidence, they can be called as witnesses. PA. R. EVID. 404 (permitting "victims" of uncharged offenses to appear as witnesses in criminal suits).

Because public policy favors the unimpeded pursuit of criminal actions, and where Defendant's defense of related claims in both a civil and criminal suit will compromise his Constitutional rights against self-incrimination, Defendant respectfully asks that this action be stayed until the final resolution of the criminal suit against him in Montgomery County, Pennsylvania.

## **ARGUMENT**

It is axiomatic that a federal court possesses the inherent power to stay proceedings for certain "prudential" reasons. *See, e.g.*, *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); *Marquis v. FDIC*, 965 F.2d 1148, 1154-55 (1st Cir. 1992). In particular, a court can opt to stay civil proceeding in deference to criminal proceedings in another court. *See*, *e.g.*, *S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 10 (D. Conn. 2002); *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (courts may "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action").

## I.   **ALL RELEVANT FACTORS SUPPORT GRANTING A STAY OF THIS CASE**

All of the factors considered by the First Circuit in deciding whether to stay a civil proceeding pending the outcome of a parallel criminal case support a stay of this case. The First Circuit considers the following seven factors in deciding whether to grant a stay: (1) the interest of the civil plaintiff in proceeding expeditiously; (2) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (3) the convenience of both the civil and criminal courts; (4) the interests of third parties; (5) the public interest; (6) the good faith of the litigants; and (7) the status of the cases. *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 78 (1st Cir. 2004). Many courts also consider the extent to which the issues in each case overlap, including the commonality of witnesses and evidence. *See, e.g.*,

*TelexFree, Inc.*, 52 F. Supp. 3d at 352; *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288, 2002

WL 31729501 (S.D.N.Y. Dec. 5, 2002).[2]  In this case, all of the relevant factors support a stay.

A.     <u>A Stay Will Not Cause Plaintiffs Any "Unique Injury"</u>

When courts decide against a stay, they often rely on this first factor, arguing that

"[s]taying discovery will entail the risk of losing evidence through the death of witnesses or

fading memories."  *S.E.C. v. K2 Unlimited, Inc.*, 15 F. Supp. 3d 158, 160 (D. Mass. 2014).  But a

stay will always entail this risk and "[t]he mere fact that additional time will pass . . . does not

alone establish prejudice to the [p]laintiff[s]," *Tucker v. New York Police Dep't, No*. 08–cv–2156,

2010 WL 703189, at *7 (D. N.J. Feb. 23, 2010), *aff'd in part*, 408 Fed. App'x 513 (3d Cir.

2010).    Moreover, "[w]hile plaintiff[s] do[] have a legitimate interest in 'the expeditious

resolution' of [their] case, courts frequently allow other factors, such as a party's Fifth

Amendment privilege to trump a plaintiff's interest."  *Bridgeport Harbour Place I, LLC v.*

*Ganim*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002); *see also Trustees of Plumbers & Pipefitters Nat.*

*Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) (holding that

plaintiffs' interest in the expeditious resolution of their case "are trumped by defendants'

interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or

effectively forfeiting the civil case").   Thus, to establish the requisite prejudice, "plaintiff[s]

should establish a unique injury, such as the dissipation of assets or an attempt to gain an unfair

advantage from the stay."  *In re Derivative Litig.*, No. 06-cv-02964, 2007 WL 1101276, at *2

(E.D. Pa. Apr. 11, 2007).

---

[2] The First Circuit factors are nearly identical in word and certainly in function to those factors assessed by other jurisdictions when deciding to grant a stay of a civil action in favor of a criminal proceeding.  *See, e.g.*, *Doe v. Sipper*, 869 F. Supp. 2d 113 (D.D.C. 2012).

Plaintiffs cannot articulate such an injury in this case. Plaintiffs' claims all stem from events that allegedly occurred decades ago, in the 1960s-80s, and yet, this suit was not filed until 2014. The additional time needed to litigate Defendant's criminal case will be of little consequence to the decades that have already passed and whatever death, loss of memory, or loss of evidence has already occurred. In this way, this case echoes *Zavatsky v. O'Brien*, 902 F. Supp. 2d 135, 148 (D. Mass. 2012), where the court found "that the plaintiff's interest in expeditious resolution of his civil claim will always be delayed by the grant of a stay, but no more so here than in other cases. The plaintiff does not allege irreparable harm and while he took other measures expeditiously, this suit was filed several years after the most recent events in the case." Here too, Plaintiffs cannot establish the requisite "unique injury," and this factor weighs in favor of a stay. Indeed, as described below, Plaintiffs may in fact benefit from evidence and testimony brought forth in the criminal case and a stay will provide them an opportunity to utilize it.

**B.** **Defendant Will Suffer Significant Prejudice Without A Stay**

Defendant will suffer significant prejudice if this case is not stayed pending resolution of the criminal case against him. A defendant's right against self-incrimination is crucial, with a Massachusetts court warning that "it would constitute a clear abuse of discretion for the judge to turn a deaf ear to a serious claim of privilege." *United States Trust Co. of New York v. Herriot et al.*, 10 Mass. App. Ct. 313, 317 (1980). A defendant runs the risk of self-incrimination when defending civil and criminal actions simultaneously. Indeed, a "stay of a civil case is most appropriate where a party to the civil case has already been indicted" for precisely that reason. *Trs. Of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc. et al.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also In re Par Pharmaceutical, Inc.*, 133 F.R.D. 12, 13

(S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment").

The court in *Doe v. Sipper* analyzed this issue in depth. *See Sipper*, 869 F. Supp. 2d 113 (D.D.C. 2012). In *Sipper*, the plaintiff filed a civil action seeking damages from an alleged sexual assault. *Id.* at 115. Over a year later, a warrant was issued for defendant's arrest, and the defendant moved to stay the civil suit pending developments in his criminal case. *Id.* The defendant raised two arguments in support of a stay: (1) without a stay he would face the unfair dilemma of choosing to waive or assert his Fifth Amendment privilege; and (2) litigating both matters simultaneously would expend significant personal and legal resources. *Id.* at 117.

In granting defendant's stay, the *Sipper* Court stated that defendant's "Fifth Amendment dilemma [was] significant." *Id.* (citing *Wehling v. Columbia Broad. Sys.,* 608 F.2d 1084, 1088-89 (5th Cir. 1979) (forcing a party to choose between Fifth Amendment privilege and the civil action deemed unfair)). This dilemma has been described as follows:

> On the one hand, if [a defendant] invokes his constitutional privilege during civil discovery, not only does this prevent him from adequately defending his position, but it may subject him to an adverse inference from his refusal to testify. On the other hand, if [a defendant] fails to invoke his Fifth Amendment privilege, he waives it, and any evidence adduced in the civil case can then be used against him in the criminal trial.

*Volmar Distributors v. New York Post Co.,* 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993) (citations omitted); *see also Nat'l Ass'n of Gov't Employees v. Mulligan*, 849 F. Supp. 2d 167, 173 (D. Mass. 2012) ("This Court is convinced that a stay would promote the interests of justice in this case. Parallel criminal and civil proceedings would present the defendants with a conundrum: invoke their Fifth Amendment rights and risk losing the civil action or answer discovery requests in the civil action and risk criminal prosecution. A stay would avoid that predicament"); *Bridgeport Harbour Place*, 269 F. Supp. 2d at 9-10 (granting stay of civil case pending

resolution of related criminal case "to protect the defendants' Fifth Amendment rights and to avoid prejudice to the government in the related criminal case"); *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501, at *7 (S.D.N.Y. Dec. 5, 2002) ("There can be little doubt that an indicted defendant ordinarily faces a very substantial risk of self-incrimination if he chooses to defend against civil charges.  Conversely, an adverse inference may be drawn if he chooses instead to invoke his Fifth Amendment privilege.  *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ('[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify.').").

Because Defendant has already been indicted, the dilemma of this "Hobson's Choice" is a real and immediate concern.  Given the parallel between the alleged sexual incidents in this case and in Defendant's criminal case, Defendant will inevitably face questions in deposition, discovery, or at trial that will repeatedly force him into the unfair "quandary of choosing between waiving his Fifth Amendment rights or effectively forfeiting the civil case."  *Trustees of Plumbers*, 886 F. Supp. at 1140.  Nor is this quandary merely theoretical.  Indeed, Mr. Cosby's civil testimony from 2005 and 2006—provided in reliance on a non-prosecution agreement and without invocation of his Constitutional rights against self-incrimination—is currently being used in the criminal case against him.  There can therefore be little doubt that Defendant faces a very substantial risk of further self-incrimination if he chooses to testify and defend against the civil charges in this case, or conversely, that adverse inferences may be drawn if he chooses instead to invoke his Fifth Amendment privilege.  It is unfair and unnecessary to subject Defendant to this dilemma where a stay would render the issue moot.

The *Sipper* Court also acknowledged defendants' apprehensions about "expending personal and legal resources on two cases."  *Doe v. Sipper*, 869 F. Supp. 2d at 117; *see also*

*TelexFree, Inc.*, 52 F. Supp. 3d at 353 (granting a stay after noting that "[a] stay in the civil enforcement proceeding will allow [the defendant] to avoid substantial litigation costs while the criminal trial is pending"); *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2002) (granting a stay because, in part, "there is little reason to deplete his resources through payment of attorney's fees to defend or participate in civil litigation that, while important, is essentially duplicative").  This concern is equally applicable here.  Defendant's criminal case is in Pennsylvania, whereas this action has been brought in the District of Massachusetts where Defendant currently lives.  Defendant will be required to travel to Pennsylvania for proceedings in his criminal case, which will add additional cost and scheduling difficulty if he is simultaneously defending this civil suit.  Given the disproportionate burden on Defendant to defend this action simultaneously with his criminal suit, this action should be stayed.

### C.      A Stay Will Not Inconvenience The Court Because This Case Is In The Early Stages Of Discovery

The convenience to the Court and the status of the case can be viewed in tandem in this instance.  The Court's inquiry into the convenience of a stay necessarily implicates the status of the case and the affect of a stay upon the Court's docket.  Where a case has advanced through litigation, expending judicial resources, and is on the brink of trial, the convenience to the court clearly favors the denial of a stay.  *Microfinancial*, 385 F.3d at 79 (denying a stay request made on the eve of trial).  That is not the present circumstance.  Here, the parties have only begun noticing depositions and exchanging discovery requests.  Indeed, now is an appropriate time to grant a stay, in advance of Defendant's deposition, in order to avoid Defendant's Fifth Amendment dilemma.  *See Sipper*, 869 F. Supp. 2d at 118; *cf. Microfinancial*, 385 F.3d at 79 (denying stay in part because defendant had already provided discovery and deposition, and thus

10

preserving his rights was less critical). Moreover, a trial date has not been set and will likely not occur for at least a year. In this instance, a stay may actually preserve judicial resources as the outcome of the criminal action will likely impact the course of discovery and possibilities of settlement. *See Estate of Gaither ex rel. Gaither v. Dist. of Columbia,* 2005 WL 3272130, at *4 (D.D.C. Dec. 2, 2005) (stay in civil case until resolution of criminal case may later "streamline discovery" in the civil action to the plaintiff's benefit). Where the "[c]ourt suspects that further amendments and dispositive motions are in the offing [] under those circumstances, delay is not likely to inconvenience this Court." *Zavatsky,* 902 F. Supp. 2d at 148-49. Accordingly, this factor weighs in favor of a stay.

### D. Third Party And Public Interests Will Not Be Harmed By A Stay

While third parties may have an interest in a civil suit proceeding immediately, "their interest may be vindicated through the ongoing [] criminal proceedings." *Zavatasy,* 902 F. Supp. 2d at 149. Moreover, a criminal suit can equally serve and protect third party and public interests that may otherwise have been advanced in a civil suit. *See, e.g., Brock v. Tolkow,* 109 F.R.D. 116, 121 (E.D.N.Y. 1985) ("[W]hile criminal investigations and prosecutions can take a woefully long time, a stay of discovery does not mean that enforcement of the public interests at stake in the civil case will be indefinitely deferred. For one thing, a criminal prosecution serves to enforce those same interests."); *Volmar Dist.,* 152 F.R.D. at 40 (noting, in an antitrust case, that "[t]he public certainly has an interest in the preservation of the integrity of competitive markets," and that "the pending criminal prosecution serves to advance those same interests").

In addition, it may actually serve the public interest to stay a civil matter in favor of a criminal action, as there is a public interest in the unimpeded pursuit of criminal actions. Such interest would indicate that this case should be stayed if it risks interfering with the criminal prosecution in Montgomery County in any way. *See TelexFree, Inc.,* 52 F. Supp. 3d at 353

11

("[T]he public interest in unimpeded criminal law enforcement outweighs the civil interests"); *Bridgeport Harbour Place*, 269 F. Supp. 2d at 10 ("The public interest will be served best by allowing the government's case to proceed without obstacles."); *In re Ivan F. Boesky Sec. Litig.,* 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("[T]he public interest in the criminal case is entitled to precedence over the civil litigant"); *Javier H. v. Garcia-Botello,* 218 F.R.D. 72, 74 (W.D.N.Y. 2003) ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."). Accordingly, third party and public interests will not be harmed, but rather will benefit from a stay of this action during the pendency of Defendant's criminal case.

### E.      The Defendant's Motion Is Made In Good Faith

Courts rarely analyze the movant's good faith unless there is evidence of *bad* faith. The defendant in *Microfinancial, Inc.*, 385 F.3d at 79, for instance, did not move for a stay until "the brink of trial." The First Circuit questioned the timing, and expressed "skepticism" about the reason for the stay. *Id.* Defendant's motion is devoid of the gamesmanship found in *Microfinancial*, and as discussed above, this case is far from trial. Defendant brings this motion in good faith, and in turn, this factor supports a stay.

## II.      THE SIMILARITY OF THE ALLEGATIONS OF DEFENDANT'S CIVIL AND CRIMINAL SUITS SUPPORTS GRANTING A STAY OF THIS CASE

The similarities between the civil and criminal proceedings further supports staying this case pending resolution of the criminal proceeding against Defendant. The Plaintiffs' defamation claims are Plaintiffs' best effort to circumvent the statute of limitations bars to their underlying sexual assault claims. Because Defendant wholly denies Plaintiffs' allegations of sexual assault, to satisfy their defamation claims, Plaintiffs will have to prove that the Defendant's alleged statements about these events were not only knowingly false when made, but also that Plaintiffs' accusations were true. *See, e.g., Jews for Jesus, Inc. v. Rapp*, 997 So. 2d

1098, 1106 (Fla. 2008); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007); *see also* ECF. No. 89 at

16.  The civil suit will therefore encompass the truth or falsity of the supposed underlying events

of sexual assault.  In this way, the allegations of the criminal and civil cases are parallel, with

both the evidence and witnesses likely to overlap.

Further, though it would be wholly improper in Defendant's view, Defendant may face

these *identical* accusers at his criminal trial, as under Pennsylvania law, even alleged victims of

"uncharged" crimes may testify in criminal trials in an attempt to prove a "pattern of behavior"

or "propensity to commit a crime."  PA. R. EVID. 404; *see also Com. v. Lockcuff*, 813 A.2d 857,

861 (2002) ("P[a]. R.E. 404(b) is not limited to evidence of crimes that have been proven beyond

a reasonable doubt in court.  It encompasses both prior crimes and prior wrongs and acts, the

latter of which, by their nature, often lack 'definitive proof.'").  Thus, despite the fact that they

have never pressed any criminal charges against Defendant, nor proved their accusations

"beyond a reasonable doubt," Plaintiffs may be called as witnesses in Defendant's criminal suit.

The overlap between these two cases further warrants a stay.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court stay this

proceeding pending the outcome of Defendant's criminal case in Montgomery County,

Pennsylvania.  The issues and evidence in the civil and criminal cases intersect, and each of the

seven *Microfinancial* factors weighs in favor of a stay.


Dated:  February 9, 2016                    Respectfully submitted,


                                            By: *s/Marshall M. Searcy III*
                                            Christopher Tayback
                                            Marshall M. Searcy III
                                            QUINN EMANUEL URQUHART &

SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443 3000

Monique Pressley
THE PRESSLEY FIRM, PLLC
1629 K Street NW, Suite 300
Washington, DC 20036
Phone: (202) 973-0181

John J. Egan
EGAN, FLANAGAN & COHEN, PC
67 Market Street
PO Box 9035
Springfield, MA 01102-9035
413-737-0260

*Attorneys for William H. Cosby, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 9, 2016, I caused the foregoing documents along with the corresponding exhibits to be electronically filed using the CM/ECF, which will automatically transmit Notice of Electronic Filing to all attorneys of record, as follows:

**Joseph Cammarata**
**Matthew W. Tievsky**
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Andrew M. Abraham**
Abraham & Associates, P.C.
2 Center Plaza, Suite 620
Boston, MA 02108

**Ira Sherman**
The Law Building
1232 Seventeenth Street, N.W.
Washington, DC 20036

**Alexandra B. Schmit**
**Michael A. Bressler**
The Bressler Firm LLC
Suite 1800
180 N. Michigan Avenue
Chicago, IL 60601

_s/Marshall M. Searcy III_
Marshall M. Searcy III